**POLICEMAN'S AND FIREMAN'S RETIRE-
MENT FUND OF CITY OF ASH-
LAND, Kentucky, Appellant,**

v.

**James F. RICHARDSON, Assistant Chief,
Retired, Appellee.**

Court of Appeals of Kentucky.

April 25, 1975.

Frank W. Burke, Louisville, for appellant.

Thomas M. Howe, Ashland, for appellee.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Boyd Circuit Court requiring appellant, Policeman's and Fireman's Retirement Fund of City of Ashland, Kentucky, to increase the retirement annuity of appellee, James F. Richardson, by the sum of $72.09 per month.

The agreed statement of facts filed by the parties limited the task of the trial court to answering a single question of law, whether the term "average salary" defined in KRS 95.851(m) includes sums paid to appellee by the City of Ashland as a result of its voluntary participation in the law enforcement foundation program fund, KRS 15.410 to 15.510. The trial court answered this question in the affirmative and we agree.

KRS 95.867 requires the director of finance of the city to deduct from the current salary of each policeman the designated percentage contribution to the retirement fund.

KRS 15.490(2) requires the city to include the additional compensation paid to each police officer from the law enforcement foundation program fund as a part of the officer's salary in determining *all* payroll deductions.

The Random House Dictionary of the English Language, Unabridged Edition, defines salary as "a fixed compensation periodically paid to a person for regular work or services." The salary ordinance of the city, the law enforcement foundation program fund statutes and the ordinance of the city electing to participate in the law enforcement foundation program fund fixed the compensation periodically to be paid to appellee for his services as assistant chief of police.

It is beyond cavil that the salary of appellee included both the sums paid to him by the city from its general fund and from its participation in the law enforcement foundation program fund. Therefore, it is

inescapable that in computing "average salary" the total of these two sums must be used.

In the last analysis, when the legislature expressly required appellee to make additional contributions to the pension fund, it impliedly required the city to do the same. Each met the obligation. It is axiomatic that there is no such thing as "free money." Every grant in aid and contribution has its string. So it follows that the increased salary and contributions require increased benefits.

The other issues raised in appellant's brief were not presented to the trial court. They are patently without merit and need not be further discussed.

The judgment is affirmed.

All concur.