REVENUE CABINET, COMMONWEALTH OF KENTUCKY; and Gary W. Gillis, Secretary, Appellants,

v.

Ann E. SAMANI, Administratrix of the Estate of Fred Samani; and Martha H. Rush, Executrix of the Estate of Willett H. Rush, Appellees.

No. 87–CA–615–MR.

Court of Appeals of Kentucky.

April 29, 1988.

Discretionary Review Denied by Supreme Court Sept. 28, 1988.

Michael L. Henry, Legal Services Section, Revenue Cabinet, Frankfort, for appellants.

Phyllis A. Sower, Frankfort, for appellees.

Before DYCHE, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

The within action was filed in the circuit court for declaratory judgment challenging the application of the Kentucky Inheritance Tax (KRS 140.050) upon the survivorship assets comprising a portion of the estates of the appellees, Fred Samani and Willett Rush, Sr., deceased.

Inheritance tax returns were filed in each estate but the portion of the tax assessed due to the ownership of survivorship property was omitted. The Revenue Cabinet issued notices of additional taxes due of $630.23 to the Samani estate, and $5,536.26 to the Rush estate.

Declaratory relief was affirmatively sought in this case based upon the failure of the Revenue Cabinet to appeal an adverse ruling in a case styled *Wilson v. Gillis*, Franklin Circuit Court, No. 85–CI–0203. The legal basis for the declaratory relief was that the Revenue Cabinet was collaterally estopped from asserting the constitutionality of KRS 140.050 and estopped from collecting the tax in question.

The circuit court's Findings of Fact and Conclusions of Law herein made the following reference, in part, to the prior unappealed case:

> In *Wilson v. Gillis*, we ruled: That the Inheritance Tax had no application to intangible personal property held by the third party beneficiary in the "or" account because such an application would be in violation of the United States and state Constitutions. We concluded further that the Inheritance Tax could not be imposed because there was no occurrence of a taxing event as the survivor's right was as a third party beneficiary, not a legatee. The Defendants [Revenue Cabinet] were fully represented in *Wilson v. Gillis*, and the constitutional issue therein decided was thoroughly and fairly litigated. *Wilson v. Gillis* was not appealed.

.  .  .  .  .

Therefore, we hold that the Plaintiffs [appellees herein] are not required to exhaust administrative relief and that this matter is properly before the Court; that our ruling in *Wilson v. Gillis* applies equally to Plaintiffs [appellees] herein and that the Defendants [Revenue Cabinet] are bound thereby; that the inheritance tax has no application to intangible personal property held jointly with right of survivorship by the third party beneficiary; that the Defendants are collaterally estopped from relitigating the issue of application of inheritance tax to tangible personal property held jointly with right of survivorship.

The circuit court entered judgment accordingly by sustaining the appellees' position.

The issue on appeal is whether the Revenue Cabinet is collaterally estopped from defending the issue of the constitutionality of KRS 140.050 because of its failure to appeal an adverse judgment on the same issue in a prior case wherein the taxpayers were not in privity with the successful parties in the prior litigation. In other words, did the trial court err in applying the doctrine of nonmutual offensive collateral estoppel to this case?

We will first, however, address the underlying question before us concerning the constitutionality of the inheritance tax. The appellees make perspicacious and logical argument on the substantive issue as follows:

> Thus, it is readily apparent that the inheritance tax is an excise tax imposed upon the privilege of receiving property from a decedent, and that there must be a *transfer, a receipt, a passing of title*. This is because the Kentucky Constitution prohibits an excise tax on property (reading together Sections 2, 3, 170, 171, 172, 174, and 181). If the inheritance tax were a property tax, it would be plainly unconstitutional in light of the provisions of the State Constitution requiring uniformity of taxation. Property may be taxed *ad valorem*, but an excise tax,

being a tax on the mere right to own and hold property, is impermissible. A fundamental guarantee of the Kentucky Bill of Rights is the right to acquire and own property. The only direct tax on property or the ownership thereof authorized by the Kentucky Constitution is an ad valorem tax, which is subject to the uniformity provisions of Section 171 and 172 and the exemption provision of 170. Thus, the inheritance tax is an excise tax, but excise taxes cannot be levied by reason of mere ownership of property.

While we may question the rationality of imposing the tax, the case law is longstanding in upholding its constitutionality upon a co-owner or third party beneficiary in survivorship accounts. As far back as 1938, *DuBois's Adm'r v. Shannon*, 275 Ky. 516, 122 S.W.2d 103, 107 (1938),[1] held as follows:

> The purpose of these inheritance or succession tax laws is, of course, to minimize the possibility of one's transferring his estate to the objects of his bounty free from the inheritance tax laws. The power of the states to enact such laws is not open to question. They are excise and not property taxes and are constitutional upon the same grounds as a tax on succession by will or inheritance.

This Court recently followed *DuBois, supra*, in *Revenue Cabinet v. Cox*, Ky.App., 738 S.W.2d 114 (1987), because we are bound by it, as are the trial courts. It is plainly stated in *Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986), that "[t]he Court of Appeals is compelled to follow precedent established by the decisions of the Supreme Court." Now the issue before us takes a twist and the significance of the procedural issue is readily apparent: May the appellees accomplish through the doctrine of collateral estoppel indirectly what they could not accomplish directly

through an attack on the constitutionality of the statute? We say no.

Appellees' argument persuaded the trial court. It reasoned that in the prior litigation of *Wilson v. Gillis* the constitutional question of the inheritance tax was fully and fairly litigated, and a judgment was entered on the merits with no appeal by the Revenue Cabinet therefrom.[2] Regardless, the appellees argue, the Revenue Cabinet refused to honor and apply the unappealed adverse ruling of the *Wilson v. Gillis* case to this case; therefore, they should be estopped from applying a different ruling on the same issue based on the principle of issue preclusion. In essence, the taxpayers in the *Wilson v. Gillis* case were extended a benefit denied the appellee taxpayers herein. Thus they contend the unequal treatment by the Revenue Cabinet was arbitrary and in violation of Section 2 of the Kentucky Constitution.

Collateral estoppel, a subdivision of the doctrine of res judicata, precludes issues of a prior adjudication from being relitigated. Collateral estoppel is divided into defensive and offensive issue preclusion. Defensive collateral estoppel or issue preclusion is, by its nature, asserted in pleadings in a defense posture, as in an answer. Offensive collateral estoppel[3] or issue preclusion may be utilized, as was done herein, by an action for declaratory relief. Regardless of which technique is utilized, if successful it will resolve the issue in an existing case by the resolution of that issue by prior adjudication, be it a question of law or fact.

Our highest Court adopted the "preclusion" doctrine in *Sedley v. City of West Buechel*, Ky., 461 S.W.2d 556, 559 (1971), elaborating as follows:

> Many jurisdictions, however, have adopted the doctrine of "claim preclusion" or "issue preclusion" under which

---

1. Although this case has not been overruled, it was not addressed or cited in the opinion or judgment of the trial court in *Wilson v. Gillis*, the prior unappealed case.

2. Why the Revenue Cabinet did not appeal is a mystery for which, without excuse (and none was offered), it should be criticized.

3. *See* Fraiser, "Offensive Collateral Estoppel in Kentucky: A deadly weapon or a paper tiger?" 76 Ky.L.J. 237 (1987).

a person who was not a party to the former action nor in privity with such a party may assert res judicata *against* a party to that action, so as to preclude the relitigation of an issue determined in the prior action. The rule contemplates that the court in which the plea of res judicata is asserted shall inquire whether the judgment in the former action was in fact rendered under such conditions that the party against whom res judicata is pleaded had a realistically full and fair opportunity to present his case.

■ This would seem to support the trial court's conclusion and bind the Revenue Cabinet with the ruling on the constitutionality in the prior unappealed *Wilson v. Gillis* case. Further, such ruling would be in line with *Restatement (Second) of Judgments* § 27 (1980):

Issue Preclusion—General Rule

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

However, the *Restatement (Second) of Judgments* articulates exceptions to the general rule found in Sections 28 and 29. Particularly applicable to the case at hand is the exception found in Section 29(7) at p. 292, which states: "The issue is one of law and treating it as conclusively determined would inappropriately foreclose opportunity for obtaining reconsideration of the legal rule upon which it was based...."

■ Surely, the Commonwealth would not be restrained by offensive collateral estoppel or issue preclusion from trying a persistent felony offender under KRS 532.-080 because in a prior unappealed case the statute was declared to be unconstitutional by a circuit court. It is our conclusion that the application of res judicata and collateral estoppel is best served on a case-by-case basis as opposed to an automatic imposition of a doctrine. We pointed out in *BTC Leasing, Inc. v. Martin*, Ky.App., 685 S.W.2d 191 (1984), and *Waddell v. Stevenson*, Ky.App., 683 S.W.2d 955 (1984), that the doctrines of res judicata and issue preclusion are based on rules of justice and fairness.

More importantly, however, without an exception to the general rule, we would effectively destroy the application of stare decisis in our jurisprudence. Such an exception is supported in *Restatement (Second) of Judgments* by way of Comment i to Section 29, which states in part: "[T]he rule of preclusion should ordinarily be superseded by the less limiting principle of stare decisis."

The judgment of the Franklin Circuit Court is reversed.

All concur.