CITY OF COVINGTON, Appellant,

v.

Robert J. PEARE and Clarence Vastine, Appellees.

No. 87–CA–2588–S.

Court of Appeals of Kentucky.

April 28, 1989.

As Modified May 12, 1989.

Rita Ferguson, Edmondson, Condit & Calvert, Covington, for appellant.

John Frith Stewart, Louisville, for appellee/Peare.

Thomas G. Alig, Jr., Vincent & Alig, Covington, for appellee/Vastine.

Before CLAYTON and WEST, JJ., and DUNN, Special Judge.

WM. R. DUNN, Special Judge.

This appeal is from the summary declaratory judgment of the Kenton Circuit Court in the form of mandatory injunctive relief against the appellant, City of Covington, on behalf of appellees. Robert J. Peare and Clarence Vastine are retired professional fire fighters of the appellant city of the second class. This case concerns the actions of Covington's Board of Trustees of the Policemen's and Fire Fighters' Retirement Fund, however the Board is not a party to this appeal.

Peare initiated the action pursuant to KRS 418.040, our declaratory judgment statute, against the City and joined the Board by amendment. Vastine by leave of court intervened as a party plaintiff. Peare and Vastine questioned the Board's interpretation of KRS 95.581(13) and KRS 95.859.[1] Article XIX of the Covington Professional Fire Fighters' Union collective bargaining agreement with the City requires payment at retirement of terminal leave pay of unused accrued sick leave

prior to June 30, 1976, and terminal leave pay for unused accrued vacation time. The issues here involve the application of Peare's and Vastine's terminal leave pay in the light of these two (2) statutes to determine Peare's and Vastine's respective retirement annuities.

Peare's case concerns unused accrued sick leave incurred prior to June 30, 1976. He maintains his terminal leave pay was "salary" and should be included as part of his annual salary for the last year he worked. This would increase his retirement annuity by including his retirement year as one of the three (3) consecutive years of service used to determine his highest average annual salary under KRS 95.-851(13) to which is then applied the two and one-half percent (2½%) formula of KRS 95.859. In the same vein Vastine adopts this position but with reference to unused accrued vacation pay.

The Board in determining the respective retirement annuities and the City in the trial court and on this appeal argue that the payments of the unused accrued terminal leave pay were not to be considered as "salary" in calculating the KRS 95.859 annuity pension formula but were paid as one time bonuses upon retirement. Alternatively, they argue that if "salary," the terminal leave pay was not to be added to the retirement year as annual salary for that year but was to be added as annual salary for the year in which it was earned or accrued.

With respect to Vastine's vacation accrual, they also alternatively argue that, if it is to be utilized as part of a pension calculation, it should be further considered from a chronological point of view as unused accrued weeks and applied in such a way that the computation is limited to three (3) years or one hundred and fifty-six (156) weeks rather than as from a financial point of view as accrued salary but paid within the time frame of the same one hundred and fifty-six (156) weeks as concluded by the trial court.

---

1. KRS 95.859 provides a retirement annuity for fire fighters of second class cities of two and one-half percent (2½%) of the highest annual salary for any three (3) consecutive years of service within the total service of the member.

The trial court in responding to the parties' motions for summary judgment agreed with Peare and Vastine and entered a judgment in their favor against "the Defendants [sic] The City of Covington, Kentucky."

There were two (2) aspects to the judgment. The first determined that the terminal leave paid to Peare and Vastine pursuant to the collective bargaining agreement "is part of their annual salary for purposes of computing the retirement annuity ... pursuant to KRS 95.851(13) and KRS 95.-859." The second ordered the City to recompute the respective retirement annuities in such a way as to give Peare and Vastine full credit for the unused accrued sick pay and vacation pay and recovery of "full back benefits resulting from Defendant's [sic] refusal to consider terminal leave pay as salary for the purpose of KRS 95.851(13) and KRS 95.859" with the accrued pay being added to the three (3) year total salary for one hundred and fifty-six (156) weeks in calculating the pension annuities with twelve percent (12%) post judgment interest.

■ We have no problem concluding that with respect to the issues the appellant City raises on appeal that the trial court is correct. *See McNally v. Grauman*, Ky., 73 S.W.2d 28 (1934) and *Policeman's and Firemen's Retirement Fund of the City of Ashland v. Richardson*, Ky., 522 S.W.2d 452 (1975).

■ These issues are periphery ones, however. The core issue is whether this appeal was taken from a final and appealable order of the Kenton Circuit Court. We hold that it was not. Consequently, we dismiss the City's appeal and remand this case to the Kenton Circuit Court for proceedings consistent with this opinion.[2]

The retirement fund was legislatively created in KRS 95.852. The City by virtue of KRS 95.868 was required to "make current contributions to the fund on an actuarially funded basis, toward the annuities and benefits" provided.

The legislature further created an administrative body for the retirement fund, independent of the City, and provided for its organization and general power in KRS 95.869(1) as follows:

(1) The responsibility for the proper operation of the fund and the *direction of its policies shall be vested in a board of trustees* of six (6) members, *consisting of: (a) the mayor ex officio; (b) the city treasurer ex officio; (c) the chiefs of the police and fire departments ex officio,* and (d) one (1) active member of each department, who shall be elected by ballot by the active members of the respective departments and shall serve for a term of one (1) year under rules adopted by the board.... (Emphasis added.)

The statute also provided that the director of law of the city by virtue of KRS 95.872 "serves as legal adviser to the board on all matters pertaining to the fund involving suits or actions of law, and on any questions of the interpretation" of KRS Chapter 95 provisions.

In KRS 95.871 the legislature enumerated the Board's following specific duties material to this case by providing in pertinent part:

The board shall have, in addition to other duties arising out of KRS 95.851 to 95.-991, the following duties:

. . . .

(4) Consider and pass upon all applications for annuities, benefits, refunds and other payments, and authorize the expenditure for such purposes, in accordance with the provisions hereof. The board shall have authority to promulgate such rules and regulations, not inconsistent with the provisions of KRS 95.851 to 95.991, necessary for the proper determination of all claims before it....

The Board of Trustees of the Policemen's and Fire Fighter's Retirement Fund of the

---

**2.** We do not address the potential issues of the propriety of the KRS 418.040 declaratory judgment action in and of itself or in the light of its propriety as being an improper substitute for attacking the Board's determinations pursuant to the statutory appeal provisions of KRS 95.883 for the reasons that the record on appeal is silent as to all factors for us to determine the timeliness of either procedure.

City of Covington, although a defendant in the circuit court action from which this appeal arises, did not appeal the trial court's judgment. Nevertheless, it is the administrative body whose function is our concern in this case. Under the above authority of KRS 95.869(1) and KRS 95.871(4) the Board, not the City, has the exclusive authority to administer the retirement fund which includes the authority to consider and pass upon its retirees' applications for retirement and determination of their retirement annuities.

It follows, therefore, that the trial court's judgment ordering the appellant City to recompute Peare's and Vastine's retirement annuity and further ordering certain attendant incidental conditions, and not ordering the Board to do so, are all nullities because the City is not empowered to do so. Consequently, in this, a case involving multiple parties, because the trial court has not in fact made a conclusive determination of the entire claim of any of the parties, the judgment is not a final order within the meaning of CR 54.01 or CR 54.02. This is true even though the trial court has recited that the judgment is a final one and there is no just reason for delay as provided for in CR 54.02. *See Hale v. Deaton,* Ky., 528 S.W.2d 719 (1972); *Northwestern National Ins. Co. v. Osborne,* 573 F.Supp. 1045 (E.D.Ky.1983).

This appeal is, therefore, dismissed and the case is remanded to the Kenton Circuit Court. Upon proper motion of the parties so to do, it shall enter summary judgment in favor of Peare and Vastine identical to that already entered but against the defendant, the Board of Trustees of the Policemen's and Fire Fighters Retirement Fund of the City of Covington, and including the provisions of the trial court's order entered November 6, 1987, but specifying that the post-judgment interest begin upon entry of the new judgment.

All concur.