CITY OF COVINGTON; Greg Engelman, Finance Director for the City of Covington; Albert E. Seiter, Jr.

v.

BOARD OF TRUSTEES OF THE POLICEMEN'S AND FIREFIGHTERS' RETIREMENT FUND OF THE CITY OF COVINGTON; William Thomas Abel; Alfred E. Armstrong; Edna Bailey, Surviving Spouse of William H. Bailey; Jack Balderson; John E. Bramlage; Louis J. Brockhoeft; Robert Brown; George Bruin; William Carpenter; Joseph B. Craig; Gene Daly; Gerald Dixon; Ruth Eager, Surviving Spouse of William D. Eager; Mary Eibel, Surviving Spouse of Michael G. Eibel; Paul Estenfelder; Patricia R. Gardner, Surviving Spouse of Gene L. Gardner; Marvin L. Gardner; Philip L. Gardner; Harry A. Geimeier; Donald Gilbody; William A. Glindmeyer; Cora Goff, Surviving Spouse of Abel Goff; James M. Hagen; Thomas G. Hall; James W. Halpin; Maurice Hamilton; Judy Heitzman, Surviving Spouse of Donald L. Heitzman; John D. Hinkle; Donald Kavanaugh; John R. McCarthy; Theodore McCormick; Jack McKeown; John R. Meyer; Clifford J. Moore; Richard Motz; Richard Redix; Charles Rieger; James E. Ruth; Michael C. Schmidt; Joseph F. Seiter; Robert Vance; Charles E. Walz; James R. Watters; Frank R. Wheatley; Charles J. Wietholter; William H. Wilson; William H. Wischer; Ralph A. Bosse; Kenneth A. Bush; Edward J. Butler; James C. Casey; John F. Dedden; James R. Dornbusch; Paul S. Eifert, Sr.; Edward J. Fey; Robert F. Griffin; Rita Marie Holian, Surviving Spouse of Verner G. Holian; Lowell Jarvis; Gloria Jean Long, Executrix of Estate of Ralph B. Kampsen; Charles V. Kinman; Charles R. Lemmons; Albert W. Lindsey; Marvin Meyer; William J. Rohe; Jess Sanders;

Charles E. Schadler; Elmer R. Schmidt; Lyle F. Schwartz; Margie Seiter, Executrix for Estate of Harry Seiter; James E. Summers; James F. Webster; Guy E. West; Myrl Williams; Albert E. Seiter, Jr., Appellees.

No. 94–SC–303–DG.

Supreme Court of Kentucky.

May 11, 1995.

As Amended May 30, 1995.

As Modified on Denial of Rehearing Aug. 24, 1995.

Frank F. Chuppe, Virginia Hamilton Snell, Wyatt, Tarrant & Combs, Louisville, Joseph T. Condit, Covington, for appellants.

William A. Thielen, Kentucky League of Cities, Lexington, for amicus curiae Ky. League Of Cities.

Harry D. Rankin, William T. Robinson, III, Greenebaum, Doll & McDonald, Covington, for Board of Trustees of the Policemen's and Firefighters' Retirement Fund of the City of Covington.

Dennis Franklin Janes, John Frith Stewart, Segal, Isenberg, Sales, Stewart & Cutler, Louisville, Robert E. Sanders, John M. Dosker, Sanders, Dosker & Associates, P.S.C., Covington, for appellees.

G. WAYNE BRIDGES, Special Justice.

This is a declaratory judgment action filed by Appellant, Greg Engleman, Finance Director of the City of Covington and Ex-Officio Treasurer of the Board of Trustees of the Policemen's and Firefighters' Pension Fund against the Pension Board seeking a determination as to the method of calculating firefighter and police retirees' age and service and disability benefits under KRS Chapter 95.

The Appellees are several retired firefighters from the City of Covington who filed a circuit court action against the Pension Board which was consolidated with the above action and several retired policemen who filed an Intervening Complaint against the City and the Pension Board. The Appellees total about 74 individuals.

The primary issue is whether or not accrued terminal leave pay (unused sick and vacation time) is to be included in the calculation of "average salary" for purposes of age and service pensions and "last rate of salary" for disability benefit pensions.

The evidence is not in dispute. The Pension Board had not calculated retirees, pensions including terminal leave benefits upon retirement.

However, in 1986, two retirees, Mr. Peare and Mr. Vastine, filed a request for a rehearing for their age and service pension annuities. Peare requested terminal leave pay for his unused sick pay and Vastine requested terminal leave pay for his unused vacation pay. The Board refused to include the terminal leave payments in calculating the retirees' benefits. The Pension Board denied the retirees' request for a rehearing and Peare filed an action against the City of Covington in Kenton Circuit Court in which Vastine intervened.

The Circuit Court in that case held that terminal leave payments were part of one's annual salary for purposes of computing retirement benefits and ordered the City to recompute the annuities. The Pension Board did not appeal, but the City appealed to the Court of Appeals, which held the Trial Court's order was not final and appealable.

The Court held that the City impermissibly appealed and there was no jurisdiction. *City of Covington v. Peare*, Ky.App., 769 S.W.2d 761 (1989). The Court in dicta stated that terminal leave pay should be included as a part of the annual salary in computing age and service pensions.

Upon remand to the Kenton Circuit Court, the Court entered a judgment in favor of Peare and Vastine against the Pension Board. From the record it appears the two retirees were paid and the Board and the City failed to appeal further. Shortly thereafter, approximately 47 retired firefighters requested the Pension Board to recalculate their pension benefits under the reasoning in *Peare*. All the firefighters had retired at least six months prior to their new applications and some had retired several years prior thereto. The Board denied the requests.

Thereafter, this action was instituted by Engleman as a declaratory judgment action in the Kenton Circuit Court requesting the court to determine how pension benefits should be calculated.

The firefighters filed another action in the Kenton Circuit Court seeking relief in the form of an appeal from the denial by the Pension Board. Approximately 27 policemen intervened as Plaintiffs in this suit naming the City and the Pension Board as defendants. The suits were consolidated.

The Kenton Circuit Court ordered that the pensions of the retired firefighters and policemen be recalculated to the date of the pensioners' retirement to be paid in a lump sum. The lower court also held that the Appellees are entitled to pre-judgment interest on their pensions as the amount was liquidated. The City and Engleman appealed, but the Pension Board has not appealed.

None of the Appellees (retirees) challenged their original pension award within 20 days as required by KRS 95.882. The Appellees contend that they have filed a new application seeking to recompute their pension and that the Board may recalculate a pension where there has been an error in said calculation.

KRS 95.879 authorizes the Pension Board to increase or decrease any annuity to correct any error.

The Appellees contend that there is no time limitation in Chapter 95 to preclude the retirees from filing additional applications at any time. The Appellants Engleman and City of Covington contend that the present applications are barred by KRS 95.882 and that KRS 413.120(2) is applicable and bars the claims—at least after five years.

However, the primary contention of the Appellants is that they are not barred from relitigating the issue of the correct method of computing retirement benefits under the doctrine of collateral estoppel.

The Court of Appeals stated that the Trial Court erroneously held that the doctrine of collateral estoppel prevents the argument advanced by the City because of its failure to appeal from the prior Court of Appeals decision. In the present case, the appeals court stated that the doctrine does have some application to this case in that the prior controversy was adjudicated in the circuit court and the judgment was against the Board and the City.

The court also stated the City chose not to appeal the *Peare* case and the fact that the City failed to comprehend the consequences of the judgment did not preclude the application of collateral estoppel. It was the City's failure to appeal from the circuit court on remand rather than from the Court of Appeals' opinion which rendered the doctrine of collateral estoppel applicable to this case.

The *Peare* case involved terminal leave pay and the calculation of age and service benefits but did not make a determination for occupational or nonoccupational disability benefits.

The Court of Appeals concluded in this action that terminal leave pay is included in the calculation of age and service benefits and is included in the calculation of occupational and non-occupational disability benefits.

Judge Schroeder dissented from the holding in the Court of Appeals stating that he disagreed with the main question presented—how to calculate benefits. He stated that unused sick and vacation time are extra benefits bargained for which is completely separate from salary and should not be included in the calculation of average salary. To do otherwise would be finding more than 52 weeks in a year. He stated that the *Peare* case was remanded by the Court of Appeals because it had no jurisdiction as there was not a final order and any comments on calculations became *dicta*.

When the retired firefighters and police officers retired several years ago, they received a lump sum payment for sick and vacation time which had accrued throughout their several years of employment with the City.

The Appellees also received an age and service pension which was calculated under KRS 95.859 which states that the rate of a retirement annuity shall be 2½% of the average salary for each year of total service up to and including 30 years subject to a maximum of 75% of average salary. The statute states that the average salary depends upon the highest average annual salary for any 3 consecutive years.

If the Appellees' retirement was based upon an occupational disability, the terminal leave bonus was paid for unused sick and vacation time and the retiree also received an annuity equal to 70% of his last rate of salary.

KRS 95.860 provides, concerning deaths of a member due to occupational causes, that payments to a surviving spouse and minor children shall not exceed 75% of the employee's final rate of salary. "Final rate of salary" is not defined in the statute but would seem to mean one's salary at the time of death that he or she was receiving periodically.

The Appellants contend that an employee will receive more after retirement than he earned while working if the Appellees are successful in recomputing the pension benefits.

It appears that no one upon retirement from the City ever contended that the bonus for accrued sick and vacation pay should be included in calculating salary for pension purposes. This was true prior to the successful suit by Peare and Vastine. Both Peare and Vastine filed their demand within the 20 days as provided in KRS 95.882.

There was apparently nothing to prevent the Appellees from joining the *Peare* suit or from timely contesting their own awards as Peare and Vastine did.

Since the *Peare* decision on remand to the circuit court was decided, the Pension Board paid Peare and Vastine and thereafter has paid 3 or 4 employees who retired and demanded their increased pension within the 20 day period. The City's active employees have now joined the County Employment Retirement System and the issue apparently will not have any effect in the future, but only to the retirees who filed for pensions prior to *Peare*.

The Appellee employees contributed to the pension fund as did the City. However, none of the Appellees contributed a portion of their salary to the fund for the unused sick and vacation time upon retirement, but contend that they have offered to do so as provided in KRS 95.867.

On this appeal, the Appellants contend that offensive collateral estoppel does not bar the City from litigating the issue in this case and that the calculation for the pension and disability should not include the lump sum for unused sick and vacation time. The Appellants also contend that the claims are time barred and in any event the Appellees should not receive prejudgment interest.

■ We believe that a determination of this case turns on KRS 95.882. This statute states that after a determination has been made on any application by the Board, any interested person may, within 20 days after notice of the determination or finding of the Board, apply for a rehearing with respect to any of the matters determined by the Board.

KRS 95.883 provides that the order or determination of the Board upon the rehearing shall be conclusive and binding, but any interested party may, within 20 days after the rendition of the order of the Board, by petition appeal to the circuit court of the county in which the city is located for a review of the order of the Board.

It is admitted that all the Appellees retired several years prior to the institution of these proceedings. If any retiree was dissatisfied with the determination of the Board, he or she could have sought a rehearing within 20 days and then could have appealed to the circuit court within 20 days thereafter.

The Appellees contend that they filed a new application shortly before the commencement of these proceedings and they are appealing from the denial of a rehearing by the Board on their new application. The Appellees contend that there is no time limit and that one could file a new application several months or years after the initial application was determined. They cite KRS 95.879 which states that any pension shall be payable in monthly installments and shall not be increased, decreased, revoked or repealed except for error. In the instant case, the Pension Board denied the new applications of the retirees and held there was no error. We agree.

In view of the Board being empowered to consider and pass upon all applications, it must follow the statutes and can reject an application as being untimely filed. The Court of Appeals stated that the retirees were filing a new application to correct an error in the computation of benefits. Using this interpretation would leave the 20 day provision in the statute meaningless. The General Assembly would not have set a time limit for rehearings and appeals to the circuit court, if one could file a new application repeatedly. We do not believe the General Assembly had this in mind. Nearly every legal right has a limitation and must be filed by a certain time as set out in the statutes. The new applications filed by the Appellees are time-barred.

We hold these statutes are decisive on this issue and therefore need not address the 5 year statute of limitations in KRS 413.120.

Even though we believe the foregoing statutes are dispositive of the issues herein, we will briefly comment upon some of the remaining issues propounded by the parties herein.

■ The Appellees strongly contend that the Appellants are bound by the *Peare* decision under the doctrine of collateral estoppel. Collateral estoppel is closely related to the doctrine of *res judicata*. The latter may be used to preclude entire claims that were brought or should have been brought in a prior action, while the doctrine of collateral estoppel only applies to issues actually litigated. Offensive collateral estoppel refers to the successful assertion by a party seeking affirmative relief that a party to a prior adjudication who was unsuccessful on a particular issue in that adjudication is barred from relitigating the issue in a subsequent proceeding. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979). Defensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim the other plaintiff had previously litigated and lost against another defendant. *Id.*

In the *Parklane* case, the Court stated that the general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where the application of offensive estoppel would be unfair to a defendant, the trial judge in the exercise of his

discretion should not allow the use of offensive collateral estoppel.

Non-mutual collateral estoppel was approved in *Sedley v. City of West Buechel*, Ky., 461 S.W.2d 556 (1970). The Court of Appeals adopted the doctrine of non-mutual preclusion, but reversed the circuit court as it could not be determined whether the bond holder had a full and fair opportunity to litigate in the prior proceeding. The municipality was not the party against whom the doctrine was pled.

The United States Supreme Court has held that the Federal Government is not in the same position as a private litigant and should not be bound by collateral estoppel. *United States v. Mendoza*, 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984).

■ In *Revenue Cabinet, Commonwealth of Kentucky v. Samani*, Ky.App., 757 S.W.2d 199 (1988), the Court of Appeals stated that the application of *res judicata* and collateral estoppel is best served on a case by case basis as opposed to an automatic imposition of a doctrine. The court pointed out that the doctrines of *res judicata* and issue preclusion are based on rules of justice and fairness. We would not say that the government should not be bound by collateral estoppel but are not inclined to apply it for four reasons.

First, the *Peare* case involved 2 retirees whereas the present litigation involves approximately 74 retirees who have been retired for quite some time and are now seeking retroactive increases in their pensions together with interest. The stakes are much higher. Secondly, the Appellees could have joined in the *Peare* case. The retirees are represented on the Pension Board and apparently were fellow officers of Peare and Vastine. Thirdly, the City perhaps contemplated joining the county retirement system which it later did and future retirees would not have been affected by the *Peare* decision. We believe that justice and fairness as enunciated in the *Samani* case would preclude the imposition of the doctrine of collateral estoppel in these circumstances.

Fourthly, the *Peare* case is not preclusive as the Court of Appeals decided it upon procedural grounds. The substantive comments were mere dicta.

■ Another major contention of the parties herein is how to calculate the retirees' pension and disability and whether it should include the lump sum for unused sick and vacation time. Salary is defined in KRS 95.010 as any compensation received for services. However, that section is not applicable to second class cities, and in any event, it is not too helpful.

Kentucky courts dealt with the definition of salary in *Policeman's and Fireman's Retirement Fund of the City of Ashland v. Richardson*, Ky., 522 S.W.2d 452 (1975), which held that "average salary" included sums paid to the Asst. Police Chief of Ashland as a result of his voluntary participation in a law enforcement program fund. The Court stated that the dictionary definition of salary is a fixed compensation periodically paid to a person for regular work or services, and the Police Chief was paid fixed compensation periodically.

However, we do not believe that *Richardson* is dispositive of the issue here because the lump sum paid upon retirement for unused sick and vacation pay is not paid to the employee periodically. We have a real problem with designating the lump sum payment upon retirement as salary. The Pension Board ruled against the Appellees and the Appellees never sought this interpretation of the law until long after their retirement. They are now seeking a large windfall.

To adopt the position of the Appellees, as stated previously, may well award a retiree more pay after retirement than he or she was making when working. Also, where one employee is healthy and accumulates a considerable amount of sick leave, he or she would receive a large pension whereas another employee who unfortunately had to use most of his or her sick leave, would be punished for the rest of his or her life by receiving a much smaller pension. It seems incongruous that where two employees working side by side making the same rate of pay and one is sick more than the other, for him or her to receive less pension for the rest of his or her life (which would continue to the

surviving spouse and minor children upon death). We do not believe the General Assembly intended such a result.

The other issues raised by the parties are moot as we believe the claims of the Appellees are time-barred under KRS 95.882.

For the reasons stated herein, the judgments of the Court of Appeals and of the circuit court are reversed and the case is remanded to enter judgment in conformity with this opinion.

STEPHENS, C.J., and LEIBSON and SPAIN, JJ., concur.

LAMBERT, J., concurs in result only on the belief that the Court's opinion addresses issues which are unnecessary to the decision.

STUMBO, J., files a separate dissenting opinion in which REYNOLDS, J., joins.

WINTERSHEIMER, J., not sitting.

STUMBO, Justice dissenting.

Respectfully, I must dissent. The majority has, in my opinion, erred in failing to apply offensive collateral estoppel in this action. *City of Covington v. Peare*, Ky.App., 769 S.W.2d 761 (1989), originated in the Kenton Circuit Court in 1987 when two firefighters sought a declaratory judgment against the City of Covington (hereinafter "City") and the Board of Trustees of the Policemen's and Firefighters' Retirement Fund (hereinafter "Board"). The relief sought in *Peare* was precisely the relief sought by the firefighters and policemen in this action: inclusion of terminal leave pay as salary in the calculation of retirement benefits. The circuit court entered a judgment against the City in favor of the firefighters. The City appealed, presenting the same issues that are before us now.

The Court of Appeals reversed on the issue of finality, finding that the judgment of the trial court was not final as against the Board, which is the entity with authority to administer the retirement fund. *Id.* at 764. The circuit court was directed to enter an identical judgment in favor of the firefighters against the Board. *Id.*

Judgment was entered in the trial court and no appeal was taken by either the City or the Board. Therefore, collateral estoppel applies. *City of Louisville v. Prof. Firefighters*, Ky., 813 S.W.2d 804, 807 (1991).

I cannot agree that the effects of the holding in *Peare* could not have been anticipated. The record herein contains the minutes of the Board's meetings subsequent to the rendition of that opinion which reveal that the question of the decision's applicability to other pension recipients was discussed. Specifically discussed was the "number of persons impacted if the benefit were extended to all retirees." Thus, the fact that the stakes are high was clear to the Board in 1992.

The majority also cites as a reason not to apply collateral estoppel the fact that the retirees are represented on the Board by fellow officers of Peare and Vastine, thus implying that notice of the litigation was available to all retirees, who could then have joined the first lawsuit. Appellees point out that retiree representatives sit on the Board pursuant to KRS 95.869, which became effective more than a year after the first *Peare* decision. While it is true the present appellees could have joined the earlier action, they also could have been interpleaded by the City.

The fact that the City perhaps contemplated joining the county retirement system is irrelevant to whether the City was aware of, or anticipated, the effect of the *Peare* decision. If anything, such an action decreased the viability of the pension fund at issue here and its ability to meet the increased obligations that the *Peare* decision placed on the fund.

The majority speaks of justice and fairness in allowing the City to prevail today. In my view, justice and fairness require that all retirees who fit within the parameters of the original *Peare* decision receive the benefit of it.

REYNOLDS, J., joins this dissenting opinion.