Rachel PRICE, Appellant,

v.

YELLOW CAB CO. OF LOUISVILLE, Appellee.

No. 2010–CA–001894–MR.

Court of Appeals of Kentucky.

Jan. 20, 2012.

Rehearing Denied April 17, 2012.

Mark Joseph Smith, Louisville, KY, for appellant.

Bradley D. Harville, Louisville, KY, for appellee.

Before CLAYTON, DIXON, and LAMBERT, Judges.

## OPINION

LAMBERT, Judge:

Rachel Price has appealed from the opinion and order of the Jefferson Circuit Court granting summary judgment in favor of Yellow Cab Co. of Louisville and dismissing her complaint on the basis of *res judicata*. We have carefully considered the record as well as the parties' arguments in their briefs, and we find no merit in Price's appeal. Therefore, we affirm the circuit court's opinion and order.

The present appeal arises from a lawsuit filed by Price against Yellow Cab based upon alleged misrepresentations Yellow Cab made in a prior lawsuit regarding the whereabouts of its cab driver, Rosa Garcia. To put the present matter in context, we shall briefly set forth the procedural history of the prior suit which we have gleaned from the record in the present appeal.[1] While Garcia was driving a Yellow Cab, she and Price were involved in a motor vehicle accident on January 9, 1999. Price and her infant were passengers in a car Price owned which was being driven by another person at the time of the accident. Price, individually and as next friend of her infant child, as well as the driver of her car, filed suit against Yellow Cab and Garcia in January 2001 seeking damages for personal injuries they sustained in the accident.[2] While able to serve Yellow Cab, Price was unable to locate Garcia in order to serve her with process. The circuit court dismissed the action for failure to prosecute in February 2004, but later set that order aside due to lack of notice on the part of Price's counsel. Yellow Cab then moved to dismiss the action in June 2004, again for Price's failure to prosecute the case. In a reply memorandum filed in September 2004, Yellow Cab stated that it could not find Garcia, noting that she had never been personally served and that it had ordered an investigative report to determine her whereabouts. However, in October 2004, Price located Garcia in Indiana, where she was working for Yellow Cab of Southern Indiana, a subsidiary of Yellow Cab. At a hearing in November 2004, Price argued to the circuit court that Yellow Cab had defrauded the court based upon the statements of its attorney that no one with the company had any information about where to find Garcia. Despite Price's argument, the circuit court dismissed the suit in January 2005.

Price subsequently appealed the dismissal of her lawsuit to the Court of Appeals. This Court, in an unpublished opinion, reversed the order of dismissal and remanded the matter to the circuit court for reinstatement of Price's lawsuit. *Price v. Garcia*, 2006 WL 1360822 (2005–CA–000562–MR) (Ky.App.2006). In so ruling, the Court considered Yellow Cab's failure

---

1. The circuit court record from Price's personal injury lawsuit was not certified as part of this appeal, although a few documents from that case are included as exhibits in pleadings filed in the present action.

2. Action No. 01–CI–000233.

to disclose the fact that Garcia, who had been in Mexico for a time following the 1999 accident but had since returned to the area, was working for its subsidiary. The Court agreed with Price that Yellow Cab (and Garcia) used improper techniques and withheld knowledge of Garcia's whereabouts to prevent the prosecution of Price's case, which resulted in the dismissal of the lawsuit. Upon finality, the matter returned to the circuit court and was tried before a jury in May 2007. The jury returned a verdict in favor of Yellow Cab, finding that Price had failed to meet the $1,000.00 threshold in reasonably necessary medical expenses pursuant to Kentucky Revised Statutes (KRS) 304.39–060(2)(b) to maintain the lawsuit. The judgment was affirmed in a subsequent appeal to this Court. *Price v. Garcia*, 291 S.W.3d 728 (Ky.App.2009). The sole issue raised on appeal related to evidence admitted concerning fault, an issue that the jury did not ultimately reach.

On January 7, 2010, Price filed a second complaint against Yellow Cab alleging claims of fraud, intentional infliction of emotional distress, and conspiracy due to the misrepresentations Yellow Cab made in the prior lawsuit regarding Garcia's whereabouts during the pendency of this suit. Price claimed to have sustained damages due to mental anguish as well as a monetary loss as a result of Yellow Cab's fraudulent actions.

Yellow Cab immediately moved to dismiss Price's suit, arguing that she was attempting to resurrect issues that had been disposed of during the course of the prior lawsuit. It pointed out that while the circuit court had rejected her claim that Yellow Cab had concealed Garcia's whereabouts in the prior lawsuit, the Court of Appeals accepted this argument in the earlier appeal and reversed the order of dismissal. Yellow Cab argued that

the allegations set forth in the 2010 complaint were based on matters that had arisen in the previous suit and had served their purpose in that she won on appeal. Therefore, Price was barred by the doctrine of *res judicata* from relitigating any issue relating to the alleged misrepresentation. Furthermore, Yellow Cab contended that Price could not establish any of the three claims she alleged in her complaint. Price objected to Yellow Cab's motion, arguing that Yellow Cab's misrepresentations in the previous suit constituted a separate cause of action and stated (without any citation to the record) that Yellow Cab's counsel had asked that the causes of action related to the misrepresentation be severed from the personal injury trial.

On July 13, 2010, the circuit court entered an opinion and order granting Yellow Cab's motion to dismiss, but declining to award Rule 11 sanctions as Yellow Cab had requested. Utilizing the summary judgment standard, the court determined that Price's claims were barred by *res judicata*, reasoning that Price should have raised those claims in the personal injury action because they pertained to that suit. Price moved the circuit court to alter, amend, or vacate the order, continuing to argue that her causes of action arose separately and independently of the personal injury suit and had not been tried. She also argued that she had not had the opportunity to complete discovery. Therefore, she asserted that summary judgment had been prematurely entered. The Court denied this motion in an order entered September 23, 2010, and this appeal follows.

On appeal, Price argues that the circuit court erred in granting summary judgment, stating that a factual controversy existed regarding whether her claims were barred by *res judicata* or collateral estoppel and whether Yellow Cab's actions con-

stituted fraud, intentional infliction of emotional distress, or conspiracy. She also argues that she was not permitted to complete discovery, precluding the entry of summary judgment. In its responsive brief, Yellow Cab continues to argue that Price's claims are barred because they had been considered and decided in the previous lawsuit.

While the motion below was styled as a motion to dismiss, the parties and court were correct to utilize the standard for summary judgments.

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03. There is no requirement that the appellate court defer to the trial court since factual findings are not at issue. *Goldsmith v. Allied Building Components, Inc.,* Ky., 833 S.W.2d 378, 381 (1992). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476, 480 (1991). Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Steelvest,* 807 S.W.2d at 480, *citing Paintsville Hospital Co. v. Rose,* Ky., 683 S.W.2d 255 (1985). Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor ..." *Huddleston v. Hughes,* Ky.App., 843 S.W.2d 901, 903 (1992), *citing Steelvest, supra* (citations omitted).

*Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corp.,* 56 S.W.3d 432, 436 (Ky.App.2001).

Price contends that the circuit court prematurely granted summary judgment because disputed factual issues existed relative to whether her claims were barred by *res judicata* or collateral estoppel and to whether Yellow Cab's actions established the causes of action in her complaint. However, whether Price's claim is barred and whether she can establish the claims in her complaint are matters of law that we must review de novo.

*Res judicata* is an affirmative defense that bars repetitious suits involving the same cause of action. *Yeoman v. Commonwealth, Health Policy Board,* 983 S.W.2d 459, 464 (Ky.1998). The Supreme Court of Kentucky defined this doctrine in *City of Louisville v. Louisville Professional Firefighters Ass'n, Local Union No. 345, IAFF, AFL–CIO,* 813 S.W.2d 804, 806 (Ky.1991), as follows: "Under the doctrine of *res judicata* or 'claim preclusion,' a judgment on the merits in a prior suit involving the same parties or their privies bars a subsequent suit based upon the same cause of action." The *City of Louisville* Court then cited to *Newman v. Newman,* 451 S.W.2d 417, 419 (Ky.1970), in which the former Court of Appeals addressed the elements of *res judicata:*

> The general rule for determining the question of *res judicata* as between parties in actions embraces several conditions. First, there must be identity of the parties. Second, there must be identity of the two causes of action. Third, the action must be decided on its merits. In short, the rule of *res judica-*

*ta* does not act as a bar if there are different issues or the questions of law presented are different.

*City of Louisville,* 813 S.W.2d at 806. In *City of Covington v. Board of Trustees of Policemen's and Firefighters' Retirement Fund of City of Covington,* 903 S.W.2d 517, 521 (Ky.1995), the Supreme Court addressed the doctrine of collateral estoppel:

> Collateral estoppel is closely related to the doctrine of *res judicata.* The latter may be used to preclude entire claims that were brought or should have been brought in a prior action, while the doctrine of collateral estoppel only applies to issues actually litigated. Offensive collateral estoppel refers to the successful assertion by a party seeking affirmative relief that a party to a prior adjudication who was unsuccessful on a particular issue in that adjudication is barred from relitigating the issue in a subsequent proceeding. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979). Defensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim the other plaintiff had previously litigated and lost against another defendant. *Id.*

■ This case presents us with an unusual situation where the subject matter of the second suit was certainly raised in the prior suit, while the specific causes of actions alleged in the complaint were not actually pled. We must agree with Yellow Cab that because Price actually raised the issue of its alleged fraudulent misrepresentation regarding Garcia's whereabouts in her prior suit and she was actually successful in obtaining a reversal of the dismissal of the suit based solely upon this argument, she is precluded from bringing claims on this subject matter in a subsequent case. There is nothing in the record, other than Price's mere assertion in her response to the motion to dismiss and again in her brief, to support her statement that Yellow Cab requested that the misrepresentation issue be severed from the personal injury claim for trial. The record of the trial in the prior action was not certified as a part of the record on appeal, and we have no way to verify this self-serving statement. "It is the appellant's duty to present a complete record on appeal." *Steel Technologies, Inc. v. Congleton,* 234 S.W.3d 920, 926 (Ky.2007). Therefore, we hold that the circuit court did not commit any error as a matter of law in dismissing Price's complaint.

■ Furthermore, we agree with Yellow Cab that even if her claims were not barred, Price would still not be able to establish the causes of action she alleges in her complaint. She would not have been able to establish that she had suffered an injury due to the alleged fraud because she obtained a remedy; she was permitted to try her case before a jury, rather than have her case remain dismissed for failure to prosecute. The alleged misrepresentation could never rise to the level of outrageousness to establish a claim for intentional infliction of emotional distress. And, she named only one defendant in this action, precluding any claim for conspiracy.

Because the circuit court properly dismissed her claims as barred, Price's argument that she was not permitted to conduct any discovery is moot. Furthermore, we shall decline Yellow Cab's request to impose sanctions against Price's attorney for filing the underlying lawsuit.[3]

---

3. We recognize that a three-judge motion panel of this Court imposed a $300.00 fine on counsel for Price in relation to the late filing of the prehearing statement in this appeal.

For the foregoing reasons, the opinion and order of the Jefferson Circuit Court dismissing Price's complaint is affirmed.

ALL CONCUR.