In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00194-CV
_____


IN RE 1097 WATER SPORTS, INC.

Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. 23-05-07371-CV

MEMORANDUM OPINION

In a petition for a writ of mandamus, 1097 Water Sports, Inc. argues that the trial court abused its discretion by failing to state the reasons it granted the plaintiff's motion for new trial after previously signing a final, take-nothing judgment based on 1097 Water Sports' motion for summary judgment.

The references to cases that 1097 Water Sports relies on in its petition are inapt. In those cases, the Texas Supreme Court concluded that extraordinary relief was necessary to protect the rights of the respective relators in those cases because in each case, the trial court set aside the jury's verdict by granting a motion for new

1

trial without an explanation despite Article 1, section 15 of the Constitution's guarantee of the right to a trial by jury on all issues of fact.[1]

The judgment that the trial court set aside when awarding the new trial at issue here is based on a ruling granting a motion for summary judgment—a proceeding that, under our rules of procedure, is a motion presented to the court and not to a jury.[2] For that reason, the trial court's decision to set aside the judgment it rendered on the defendant's motion doesn't implicate the defendant's right to a trial by jury. Additionally, it's clear that when the trial court granted the defendant's motion for summary judgment, it relied on the fact the plaintiff had failed to file a timely response. The trial court then chose to set aside its take-nothing judgment, after the plaintiff filed a motion for new trial asserting that his failure to file a timely response to the defendant's motion for summary judgment resulted from either his inadvertence or mistake. Under the circumstances, the relator has not shown that an abuse of discretion occurred.

---

[1]*See In re Davenport*, 522 S.W.2d 452, 456 (Tex. 2017) (original proceeding); *In re Bent*, 487 S.W.3d 170, 175 (Tex. 2016) (original proceeding); *In re Whataburger Rests. LP*, 429 S.W.3d 597, 598 (Tex. 2014) (original proceeding); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756-57 (Tex. 2013) (original proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 687-88 (Tex. 2012) (original proceeding); *In re Cook*, 356 S.W.3d 493, 495 (Tex. 2011) (original proceeding); *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 209 (Tex. 2009) (original proceeding).

[2]Tex. R. Civ. P. 166a(c).

For all these reasons, the relator's petition for relief is denied.[3]

PETITION DENIED.

PER CURIAM

Submitted on June 12, 2024
Opinion Delivered June 13, 2024

Before Golemon, C.J., Horton and Johnson, JJ.

---

[3]*See* Tex. R. App. P. 52.8(a).