RENDERED:  APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1254-MR

JAMES C. SAVAGE                                                                    APPELLANT

v.            APPEAL FROM FRANKLIN CIRCUIT COURT
          HONORABLE THOMAS D. WINGATE, JUDGE
                     ACTION NO. 24-CI-00666

KENTUCKY DEPARTMENT OF
CORRECTIONS                                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN,
JUDGES.

ACREE, JUDGE:  James Savage filed an original action in the Franklin Circuit

Court to challenge for a second time the Kentucky Department of Corrections'

(DOC) determination of when he is eligible for parole.  The trial court dismissed

the action.  Savage appeals.  We affirm.

The necessary background is simple because we have seen this appeal

before.  More than a decade ago:

On July 8, 2013, Savage filed a request for review of his sentence calculation and parole eligibility date with the offender information office of his institution. In response, the DOC informed Savage that his total parole eligibility was calculated by adding the two years for his escape sentence to the parole eligibility date for his other sentences, pursuant to the regulations of the Parole Board.

. . . .

On February 14, 2014, the Muhlenberg Circuit Court granted the Commonwealth's motion [to dismiss], finding that 501 [Kentucky Administrative Regulation] KAR 1:030 required the parole eligibility date for Savage's sentence for escape to be added to the parole eligibility dates for his other sentences for purpose of calculating parole eligibility.

*Savage v. Commonwealth*, No. 2014-CA-000440-MR, 2014 WL 7206829, at *1

(Ky. App. Dec. 19, 2014). We affirmed the circuit court. *Id.* at *2.

Recently, Savage brought the same challenge to the Franklin Circuit

Court cloaking it as an administrative appeal. He asserts he exhausted his

administrative remedies, and Kentucky Revised Statutes (KRS) 454.415(1), says

an inmate challenging "a sentence calculation" or a "custody credit" may not file

an action "until administrative remedies as set forth in the policies and procedures

of the Department of Corrections, county jail, or other local or regional

correctional facility are exhausted." He claims relief based, in part, on KRS

532.120. However, subsection (9) of that statute says: "An inmate may challenge a

failure of the Department of Corrections to award a sentencing credit under this

section or the amount of credit awarded *by motion made in the sentencing court* no later than thirty (30) days after the inmate has exhausted his or her administrative remedies." KRS 532.120(9) (emphasis added).

Without discussing the obvious bar of this action by our doctrine of *res judicata*[1] or related doctrines, the Franklin Circuit Court is not Savage's "sentencing court" and lacks the particular case jurisdiction to grant Savage relief. Dismissal was the only proper outcome.

Based on the foregoing, the October 17, 2024 Order of the Franklin Circuit Court dismissing the instant action is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

James C. Savage, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Robert Chaney
Frankfort, Kentucky

---

[1] Generally speaking, "[r]*es judicata* is an affirmative defense that bars repetitious suits involving the same cause of action." *Price v. Yellow Cab Co. of Louisville*, 365 S.W.3d 588, 591 (Ky. App. 2012). The DOC has not asserted the affirmative defense in this case, but the Kentucky Supreme Court has previously recognized both our trial courts and appellate courts are entitled to invoke *res judicata* and "related doctrines" *sua sponte* in declaratory judgment actions such as this. *Bowling v. Kentucky Dep't of Corr.,* 301 S.W.3d 478, 485 (Ky. 2010).