CHIEÍ1 JUSTICE STITES
delivered the opinion ge the court:
A paper offered for probate, as the last will of James Dougherty, dec’d, having been rejected by the county and circuit court of Franklin, is brought before us by appeal from the latter tribunal, and the only question to be considered is, whether said paper should have been admitted as a valid will.-
Two objections are taken to the paper as a will. First. That it was not published and authenticated in the manner prescribed by law; and Second. If so published and authenticated, that the testator was disqualified, by reason of mental incapacity, from making a will.
*26 The paper in question bears date October 4, 1857, and is wholly in the handwriting of the decedent. It begins in the usual form, and furnishes the reason for making it as follows:
“ In the name of God, amen. I, James Dougherty, of the county of Franklin, and State of Kentucky, hath this day made this my last will and testament, as 1 intend starting in a few days to the State oj Missouri, and should anything uappgn that I should not return alive my wish is, that all of my land and ne-groes, and all I leave behind me, after paying my just debts, be kept in the hands of the Bishop of the Diocese of Scott county, as trustee,” &c.
The decedent made the contemplated trip to Missouri, returned home, and died in December, 1861.
In our judgment the foregoing language used by the decedent in the outset of the paper, being unmodified and unrestricted by other words or expressions in the subsequent or remaining portions of the instrument, brings it directly within that class of instruments de ominated “contingent” wills, and intended to take effect upon the happening or not happening of a certain event.
The words in relation to the trip to Missouri contain two ideas : the one a reason for making a will,'and the other the condition upon which the paper is to take effect as a will.
The expression “as I intend starting in a few days to the State of Missouri,” refers to the contemplated trip as the reason for the making the will; and the remainder of the language, “and should anything happen that I should not return alive, my wish is,” &c., makes, in unequivocal terms, a contingency or condition upon which the paper was to operate as his will.
The case of Maxwell’s will, decided at the Summer term, 1860, (3 Metcalfe Ky. Rep., 101,) is directly in point in support of this construction, and the authorities there referred to apply with equal force here.
The decedent having, as we have seen, returned from Missouri alive, and the paper thereby becoming inoperative as a will, the next inquiry is, whether the evidence relied on by appellants shows a re-execution or republication in the mode *27 required by the Revised Statutes. (2 volume Stanton’s edition, pages 458, 459, 460.)
It is conclusively shown, that a short time before his death the decedent repeatedly declared the paper in question to be ■his will, and Mr. Lancaster, a minister of the gospel, proves that the decedent, upon an occasion when he was called in to see him, handed to him the paper, and desired him to have it recorded as his will, and at the same time handed tó him three other papers, two of which were notes, dated Oct. 5, 1857, addressed to Lancaster, touching the instrument now in question; and the other a testamentary paper bearing date May, 1856. ‡
The notes were as follows:
“Feanklin County, Ky., Oct. 5, 1857.
Rev. James M. Lancastee:
Dear Sir — I wish you to have the enclosed document record-éd as it is written, if it should be the will of God that I should die before I return home again. The enclosed is my last will and testament, worded by me.
Yours respectfully,
JAMES DOUGHERTY.”
“ Feanklin County, Oct. 5, 1857.
Rev. James M. Lancastee:
Dear Sir — I wish you to examine these documents that are enclosed. My preference is for the last one, if it is according to law, to have it recorded, if it is not, have the other recorded. You understand my wish is the last one written. You can get the cost out of my estate, or my brothers, for recording and attention. Yours respectfully,
JAMES DOUGHERTY.”
The three papers mentioned, together with that now in question, were all enclosed in an envelope together, which was addressed to Lancaster. The notes bear date the day after the execution of the paper in contest, and evidently refer to the two wills or papers purporting to be such. They seem to have been written and addressed to Lancaster before the decedent left for Missouri, in 1857, but never delivered until just before his death. They bear the same date, relate to the *28 same subject matter, and must therefore be treated as one, especially as they were enclosed in one envelope, and addressed to one and the same person. These facts, with other evidence of the parol declarations of the decedent, leave no room to doubt that he desired his property to go in the manner indicated by the paper before us. But such desire, however apparent, can, in a legal sense, avail nothing, unless manifested in the mode prescribed by law, which, in our opinion, has not been done in this case.
In the case of Maxwell’s will, supra, it was doubted whether under the law, a contingent will, after the happening of .the event which was to terminate its effect, could ever be revived by any kind of re-execution which would give" it the force of a will; because, as was said, “it would seem that an act which would give vitality and effect to the disposing part of the writing, would be the making of a new will, which must be made and published in accordance with the requirements of the statute, in which case it would be the new instrument which would be probated, and not the one in which the testamentary disposition was originally contained.”
Upon this hypothesis, it was said that the eleventh section of the statute, supra, and the rule in regard to the re-execution of revoked wills, would not apply to contingent wills. But upon the assumption that the evidence in that case did show, on the part of the decedent, an intention and desire to revoke the contingency contained in the paper offered for probate, the court held that it should not be admitted to probate as a re-executed will, because the re-execution could not be established by evidence of parol declarations made by the decedent in relation to the paper, but only in the mode prescribed by the law, which declares, that “no will or codicil, or any part thereof, which shall be in any manner revoked, shall, after being revoked, be revived otherwise than by re-execution thereof, or by a codicil executed in the manner hereinbe-fore required, and then only to the extent to which an intention to revive the same is shown.” The manner in which a codicil is required to be executed is the same prescribed for the execution of wills. (See secs. 5, 10. 11, Rev. Stat., Stanton Ed,., 2 vol., pages 458, 459.)
*29 It is not pretended here that there was any re-execution of the paper, as a will, by writing prepared and signed by the decedent, after his return from Missouri; nor that he acknowledged the same in the presence of two witnesses, who subscribed their names as required by sec. 5 of the statute, supra. But it is contended that his acts, already stated, and his declarations to Lancaster, amount to a re execution within the meaning of the law. To this it may be replied, that there is nothing in this case to distinguish it from the Maxwell case, supra, except the delivery of the paper and accompanying notes by the decedent to the witness, with the declaration that the paper was his will. These facts do not relieve it from the operation of the rule settled in that case, because they can, in no sense, be deemed more than the parol declarations of the decedent. The notes were written prior to his Missouri trip, and when considered together, as they must be, only furnish further evidence of the contingent character of the paper in question. If they could, for any purpose, be regarded as parts of the paper, they do not, at all, conflict with the contingency upon which the same was to become a will, and would therefore, furnish no ground for exempting it from the operation of the law requiring a re-execution of the same. But they cannot be so considered, and must be treated simply as a part of the declarations made by the decedent outside the paper sought to be set up as a will.
The case of Maxwell, and the authorities there cited, in our opinion, are conclusive against the appellants in this case, and upon that authority, and for the reasons stated, the judgment of the circuit court is approved.
This conclusion renders it unnecessary to notice the objection as to the want of capacity of the decedent to make a will.
Judgment affirmed.