## Elkhorn Land & Improvements Company, et al. v. Ratliffe.

(Decided October 15, 1918.)

### Appeal from Pike Circuit Court.

1.  Appeal and Error—Final Order.—An appeal cannot be prosecuted to this court unless the judgment appealed from is final, and to be final it must not only determine that one of the parties is entitled to relief of a final character, but it must go further and give that relief by its own force or be enforceable for that purpose without further action of the court or by process for contempt.

2.  Appeal and Error—Final Order.—Where only the question as to the construction of a deed is submitted to the court, which renders a judgment construing the deed, without giving enforceable

relief, it is not a final judgment from which an appeal may be prosecuted.

WORTHINGTON, COCHRAN & BROWNING and STRATTON & STEPHENSON for appellants.

CHILDERS & CHILDERS for appellee.

Opinion of the Court by Judge Thomas—Dismissing the appeal.

The large tract of land in controversy in this case lies in Pike county, Kentucky. The appellee here and plaintiff below, Tamary Ratliffe, is the daughter of James H. Potter, deceased, who was the owner of 1-11 undivided interest in the land, and he died intestate, leaving eight children. This would make the appellee, according to her contention, the owner of 1-88 interest in and to the entire tract. She brought this suit against the numerous defendants, who are the appellants, for the purpose of dividing the land in kind, which she alleged could be done, and asked that she be allotted her interest.

On December 31, 1879, James H. Potter and wife conveyed to the brother of the former, George Potter, the grantor's undivided 1-11 interest in the land in controversy. The granting clause in that deed conveyed a fee simple title, but the habendum clause reads: "To have and to hold the same, together with all the appurtenances thereunto belonging; unto the party of the second part, his heirs and assigns as long as I live. And the said party of the first part hereby covenant with the said party of the second part, that they will warrant the title to the property hereby conveyed unto said party of the second part and his heirs and assigns as long as I live." A printed form of deed was used, and in the habendum clause as printed it read, "His heirs and assigns forever," and in the warranty clause it was printed, "Unto said party of the second part and his heirs and assigns forever," but the word "forever" at each of the two places where it appeared in print is marked out with pen and ink and above it is written "as long as I live."

Defendants claim through George Potter, the grantee in that deed, insisting that it conveyed to him the fee, while plaintiff contends that it conveyed the interest of her father, the grantor, for the duration of his natural

life only, and he having died intestate, she inherited her portion. The court in its judgment appealed from construed the deed in conformity with plaintiff's contention, i. e., that it conveyed to the grantee, George Potter, an estate in the land only during the life of James H. Potter, and from that judgment this appeal is prosecuted.

The beginning of the judgment is in these words:

"This cause having been submitted for judgment on that branch of the case involving the construction of a deed from James H. Potter and Martha Potter to George Potter bearing date of the 31 day of December, 1879, and filed with and made a part of defendant's answer and counterclaim, which deed is the source of plaintiff's title. All other questions by agreement having been reserved and the court upon consideration is of the opinion that said deed only vested a life estate in said land in said George Potter with remainder to his legal heirs, of whom the plaintiff is one.

"It is therefore adjudged by the court that the deed from James H. Potter and Martha Potter to George Potter bearing date of the 31 day of December, 1879, and filed with and made a part of the answer and counterclaim of the defendant only passed a life estate in the land in controversy to said George Potter with remainder to his legal heirs."

It will be observed that the cause was submitted for judgment solely upon the question as to the construction of the deed, and all other questions were reserved for future adjudication. That such was the case is shown by brief for appellees, wherein this statement appears:

"The parties to this action, realizing that the construction of the deed from James H. Potter to George W. Potter, executed on the 30th day of June, 1879, was the vital question involved, submitted the case on that question alone, all other questions being reserved."

The same, in substance, also appears in brief for appellants.

So that, although the judgment proceeded, after construing the deed, to determine that plaintiff was the owner of an undivided 1-88 interest in the land, this was a necessary concomitant of the construction which the court had placed upon the deed, and was tantamount to saying that upon the face of the deed plaintiff is the owner of the interest for which she contends. It would manifestly be unjust to give it any stronger or fuller

force in view of the agreement of the parties as contained in the judgment itself and admitted in the briefs. There is no adjudication giving any relief looking to the enforcement of plaintiff's rights. She is neither adjudged to be entitled to a division of the land, nor for a sale of it for a division of the procceds. We have a case, then, where the only judgment rendered was the construction of a deed without giving final relief to the litigants. This, as has been many times adjudged by this court, is not a final judgment from which an appeal to this court may be prosecuted, since it is only from such final judgments that an appeal may be taken. Sec. 950 of the Kentucky Statutes; Kentucky Heating Co. v. City of Louisville, 178 Ky. 424, and many cases therein cited.

In the Kentucky Heating Co. case the construction of certain ordinances of the city of Louisville granting privileges to use the streets, alleys and public ways of the city for the purpose of laying pipes therein for the distribution of gas was involved, and the court rendered judgment construing the ordinances and determining the rights which the grantee of the privilege obtained thereunder, but went no further than that. The judgment of the court was adverse to the contention of the Heating Company and it prosecuted an appeal to this court, but that appeal was dismissed because the judgment was not a final one from which an appeal could be taken. The court in that opinion discussed and quoted from many former opinions of this court, one of them being the opinion rendered in the case of Bondurant v. Apperson, 4 Met. 27, from which this court approvingly adopted the following excerpt:

"It is certain, however, that a judgment cannot be final merely because it decides some question of law or fact relating even to final relief, not merely because it decides what are the rights of the parties to such relief. . . . The following rule seems to be deducible from the authorities, viz., that a judgment, to be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose without further action by the court or by process for contempt."

Other cases in point are Mitchell v. Chenault, 112 Ky. 267; Harding v. Harding, 145 Ky. 315; Trade Discount Co. v. J. R. Cox & Co., 143 Ky. 515, and Morgan v. Goode, 151 Ky. 284. We have then before us a judgment which

only decides a question of law, and further, that as a consequence one of the litigants "is entitled to relief of a final character," but it does not give that, or any final relief. But the approved Bondurant case holds that it is not sufficient to "decide that one of the parties is entitled to relief of a final character," but the judgment must, in order to be final, go further and "give that relief by its own force, or be enforceable for that purpose without further action by the court or by process for contempt." The parties by their agreement submitted only one question to the court for decision—the determination of which was only incidental to the final relief sought and not necessarily conclusive of the rights of the parties. Such rights were expressly reserved for future determination. This, according to the authorities referred to, and the well established rule in appellate practice, does not give finality to the judgment so as to be reviewed on appeal to this court.

Wherefore, the appeal is dismissed.