# Fields v. Combs et al.

(Decided June 18, 1929.)

NEPIER & HELM, H. C. EYERSOLE and D. G. BOLEYN for appellant.

W. A. STANFILL for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Dismissing appeal.

On February 6, 1878, W. G. Eversole executed a deed to Dock Fields for a tract of land. Dock Fields died in 1915 leaving two children surviving him, and they then brought this action against D. Y. Combs to recover the land and damages for its detention. On January 18, 1922, an order was entered reciting that the case having been submitted upon the pleadings, evidence, and exhibits, and the court being sufficiently advised, it was adjudged that the deed above referred to conveyed to Dock Fields a life estate in the tract of land with remainder to his heirs at law at his death, and that the plaintiffs were his only children and heirs at law and were adjudged to be the owners of the tract of land. At the same

term of the court and on January 21, 1922, a further order was entered in effect that the judgment entered on the former day was no more than a construction of the deed, and that on other questions presented in the case it had not been fully prepared and the court could not on the present preparation of the case intelligently pass upon it, and it was ordered that a survey be made of the land in litigation locating the different surveys in question and also the land upon which the timber had been cut, as alleged in the petition. The surveyor appointed by this order made the surveys and reported it to the court. The defendant in the action appealed to this court from the order entered on January 18. The transcript of the record did not contain the subsequent orders entered in the case at the same term. On the appeal the judgment of January 18th was affirmed, this court not having before it the subsequent orders made at the same term. Combs v. Fields, 211 Ky. 842, 278 S. W. 137. The mandate of this court having been filed affirming the judgment, the plaintiffs on April 26, 1926, filed a motion for a writ of possession. The defendant filed a response to the motion, setting out the facts above stated showing that the court, by the order of January 21, had modified the former judgment so as to make it only a determination as to the construction of the deed. He also in this response set up other matters of defense to the action. The court upon the hearing of the motion overruled the motion and delivered a written opinion giving the above facts as the reason therefor. The plaintiff excepted to the decision of the court and prayed an appeal to this court, which was granted. No appeal was taken. D. Y. Combs filed an amended answer. On the motion of the plaintiff the action was consolidated with another action of Sallie Combs, etc., v. D. Y. Combs. On February 27, 1928, the plaintiffs again entered a motion for a writ of possession and to strike out the amended answer and counterclaim of D. Y. Combs. The court entered this order:

"This cause being on submission to the court on the motion of the plaintffs for a writ of possession, and the court having considered the record and being advised, is of the opinion that the plaintiffs are not entitled to the writ of possession and the said motion is hereby overruled, to which ruling of the court the plaintiffs except.

"And this case being on submission to the court on the motion of the plaintiffs to strike the amended answer and counterclaim of the defendant, D. Y. Combs, the court having considered said pleading and being advised, overrules said motion, to which ruling of. the court the plaintiff excepted."

The appeal before us is prosecuted from the order above quoted. The order of January 18, 1922, as modified by the order of January 21, 1922, is clearly not a final order, for the two orders read together only determine the construction of the deed and left everything else in the case to be thereafter determined. The order as thus modified was .clearly not a final order. Elkhorn Land Co. v. Ratliffe, 181 Ky. 603, 205 S. W. 687. The circuit court during the term at which a judgment is rendered may modify or correct it. In this case the circuit court did so modify the judgment as to make it only an interlocutory order. It was affirmed by this court without this court's knowing that it had been so modified. There has been no final judgment in the case. The order overruling the motion for a writ of possession was based upon this ground. The survey had been reported to the court, and until the survey was confirmed and the land located no writ of possession could properly be awarded. In addition to this, the matters pleaded by the amended answer and counterclaim of D. Y. Combs had not been determined. There having been no final judgment in the case, the appeal must be dismissed.

Appeal dismissed.