## Allen et al. v. Chesapeake & O. R. Co.

March 28, 1947.

W. D. O'Neal, Special Judge.

■■■■■■■■■■■■■■■■

. Howard & Mayo for appellants.

LeWrignt Browning and Combs & Combs for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The parties to this appeal are the same as those in Harris' Ex'x., et al. v. Chesapeake & Ohio Railway Co., 304 Ky. 840, 202 S. W. 2d 154, and the case also concerns, or did concern, the possession of a part of the Railway Company's right of way.

The petition in ejectment and for damages was filed by the Railway Company September 3, 1924. It sought recovery of .018 of an acre in Prestonsburg. The original defendants were Hiram Harris, W. H. Howard and Pearl Allen. Howard and Allen soon went out of the case. Harris asserted ownership of a large tract of land, but disclaimed any title to the little parcel described in the petition. However, he claimed the right of possession of a building. He also filed a counterclaim. Sixteen years later the Railway Company took some depositions. Meanwhile, Harris, both of his lawyers and most of the company's officials and agents with whom he had dealt in obtaining right of way, etc., had died. The structure was a little restaurant building, or, as the appellants say, "just a sort of stall on the side of the right of way that would accommodate a handful of people." Only a portion extended over the Railway Company's Line. Like Rip Van Winkle's rifle, it had rotted away and was no more by April, 1941, when the parties first awakened from a long sleep. It seems that after that they all returned to the arms of Morpheus. Now and then they turned over and fired a pot shot at one another. Finally, judgment was rendered on May 30, 1945, adjudging the company to be the owner of the land on which the building encroached and to have already received possession, but it was held that at the time the action was filed possession was being wrongfully held by the defendant, Harris. The court found in the record of some 300 pages no legal proof of the rental value of the small bit of land, but held the company entitled to nominal damages of $1 and its costs.

What it may be hoped will be the parting shots in this desultory and somnolent battle are the appeal by Hiram Harris's children and grandchildren and the cross-appeal by the Railway Company. The briefs are "block-busters" of argument for a substantially moot case.

Appellants seem to concede that the question of possession became moot; hence, so far as the merits of the issues are concerned, they have nothing to stand upon. Their argument is that the court should not have adjudged them to pay the costs, which are considerable, the cost of the transcript filed here being $96.20. A further ground for reversal is that the court erred in striking their additional counterclaim, filed January 23, 1943, 18 years after the filing of the original answer and counterclaim of their father and grandfather.

We quote from the appellants' brief, after stating the substance of Harris' pleading: "In short, when boiled down he (Harris) claimed no part of the right of way." But he did claim the possession of a part of it, and his claims and those of his successors were never dismissed. By no means was it certain that title to that and other parts was out of the case. It seems to have been necessary to establish the right of way line to show that part of the structure was over it; also the terms upon which the encroachment was permitted. It is folly to say now, in effect, that there was so little in the defendants' claims that the Railway Company ought not to have presented proof of its case or have resisted their counterclaim.

Section 125, subsection 2, of the Civil Code of Practice expressly provides that in an action for the recovery of land, "if the plaintiff recover any part thereof the defendant shall pay the costs of the action." This is but a specific application of KRS 453.040, which provides that the successful party in any action "shall recover his costs."

The plea or argument of laches is made. The response to that argument in the other opinion, Harris' Executrix, et al. v. Chesapeake & Ohio Railway Company, supra, takes care of that question. Indeed, the contention is weaker for the appellants in the matter of setting off delay against delay and laches against laches.

In view of the concessions of the appellants that at last only the moot question of the right of possession of a part of the little building was involved, and their limitation of argument in that particular is only to the judgment for costs, we doubt whether the right of the appeal exists. KRS 21.060; Hays v. Greasy Brush Coal Co., 291 Ky. 613, 165 S. W. 2d 176. But inasmuch as this branch of the case is coupled with the contention of error in striking the amended counterclaim, we have disposed of it.

In the belated amended counterclaim, the defendants sought judgment for $13,000 and injunctive relief for and from the violation of certain agreements and covenants contained in three deeds of rights of way, up and down the line, and for the company's failure to keep open and maintain three grade crossings over its tracks to enable access between lands on both sides originally owned by their predecessor, Harris. Damages were also claimed for failure to provide outlets along and to the county road. It does not appear that the small bit of right of way from which the plaintiff had sought to eject the defendant was in any way connected with or affected by the claims set up in this amended counterclaim or the property to which it related. Section 96 of the Civil Code of Practice defines a counterclaim as a cause of action "which arises out of the contract, or transactions, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action." Obviously, the right to file this counterclaim, if any, rests upon the phrase, "connected with the subject of the action." The term is rather a loose one, but its use in Codes of other states defining counterclaims is held to mean a direct and not remote connection, or one that the parties could be supposed to have foreseen and contemplated in their mutual acts. Columbia Nat. Bank v. Rizer, 153 S. C. 43, 150 S. E. 316, 68 A. L. R. 443; note, 68 A. L. R. p. 471. Our particular interpretation of this provision has been that a counterclaim cannot be set up unless the claim asserted grows out of the same transaction or situation involved in the petition. Duff v. Wilking, 203 Ky. 817, 263 S. W. 373; Harrison v. Martin, 272 Ky. 307, 114 S. W. 2d 112. The fact that possession of a part of a railroad right of way was the subject matter of the original action does not

make germane a counterclaim for damages and injunction for alleged wrongs or trespass and for breach of a contract of an entirely different character and relating to distinct and separate parts of the right of way. The mere fact of relation to the same physical thing, especially one of the dimensions of a railroad right of way, cannot be regarded as within the meaning of the Civil Code of Practice provision "connected with the subject of the action." Thus, in Harrison v. Martin, supra, the action was by a sub-lessee against the lessor of a mine for wrongfully enjoining its operation. It was held the defendant could not maintain a counterclaim for damages sustained through improper mining by the plaintiff. Both causes of action related to the same mine; but that was not a proper connection, one with the other. We do not think the authorities cited by the appellants sustain their position. Many closer cases are listed in the notes to Section 96.

We find equally devoid of merit the cross-appeal of the Railway Company from the judgment which allowed it only nominal damages. That claim was not sustained by proof of sufficient probative value. We think the court properly struck the pleading.

Wherefore the judgment is affirmed on both the direct and cross-appeals.