Vernon **JONES**, d/b/a Jones Transfer Line,
Petitioner,

v.

Henry **MEIGS**, Judge, Franklin Circuit
Court, Respondent.

Court of Appeals of Kentucky.

·Oct. 23, 1964.

George M. Catlett, F. P. Farmer, Frankfort, for petitioner.

James P. Hanrahan, Frankfort, for respondent.

H. V. McChesney, Jr., Frankfort, intervening counsel for Webb Transfer Line, Inc.

STEWART, Judge.

This original proceeding seeks to prohibit the Honorable Henry Meigs, Judge of the Franklin Circuit Court, from assessing against Vernon Jones, d/b/a Jones Transfer Line, petitioner herein, an item of cost arising out of the action of Webb Transfer Line, Inc., et al v. Vernon Jones, d/b/a Jones Transfer Line, et al. (See Ky. 379 S.W.2d 444.)

Petitioner was an unsuccessful litigant in the action he began before the Department of Motor Transportation (herein called "the department") wherein he sought a regular route common carrier truck certificate to operate between Louisville and Shelbyville, serving all intermediate points.

Webb Transfer Line, Inc., (herein referred to as "Webb") paid to the department the sum of $1022.32, which was 45½% of the cost of the transcript expenses incurred by the various protesting motor common carriers in the proceeding instituted by petitioner .before the department. This amount was required to be advanced in accordance with Department of Motor Transportation Regulation 11–04 (J) which reads, in part:

> "* * * The cost of transcribing the evidence and of furnishing an original and one copy of the transcript to the Department shall be borne by the parties to the hearing and shall be prorated between or among them, on the basis of testimony, cross-examination, and statements put in the record by each party. * * *"

After Webb had prevailed over petitioner, by bringing about a denial of his application for the above-mentioned common carrier truck certificate, the final round of which litigation was in this Court, Webb filed with the Franklin Circuit Court Clerk, to be taxed as a part of the costs, its transcript expenses paid to the department.

It is petitioner's contention that a recovery of transcript expenses accruing in connection with a proceeding before the department will not lie. It is argued that such expenses in connection with a hearing before that agency, under Regulation 11–04 (J) promulgated by it, shall be prorated between or among the parties, without regard to the outcome of a matter brought before it for determination or whether a particular party prevails or not before it or before any court to which an appeal is taken.

Respondent calls our attention to KRS 281.780 which provides for a right of appeal from a ruling of the department. Subsection 3 thereof reads, in part: "* * * Summons shall be issued upon the petition directing the adverse party or parties to file answer within fifteen days after service of summons. The department shall, upon being served with the summons, and within thirty days thereafter, file a copy of the record, duly certified by the commissioner, *the cost of such record to be taxed as costs upon appeal.* * * *" (Emphasis added.)

CR 54.04 states: "Except when express provision therefor is made either by statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *." KRS 453.040(1) (a) has this to say on the subject: "The successful party in an ordinary action shall recover his costs, unless otherwise provided by law."

Regulation 11–04 of the department required Webb to pay the official reporter of the department $1022.32 for the copies of the transcript of the hearing which were necessary for the department's use in arriving at its decision in the proceeding.

However, KRS 281.780(3) provides for an appeal and states that the department shall file with the court its complete record, "the cost of such record to be taxed as costs upon appeal." The court's review is limited to that record.

Petitioner has shown us no authority other than the regulation which upholds his assertion that the proration of the cost of the record shall remain unalterable after an appeal from a decision of the department to a court. Obviously, when an appeal is prosecuted KRS 281.780(3), and CR 54.04 and KRS 453.040(1) (a) govern in respect to the payment of all costs incurred. They declare the litigation expense falls on the loser.

It appears to us the regulation is nothing more than a device adopted to insure the official reporter against loss for such labor as is performed in transcribing the evidence taken before the department in a proceeding. An analogy is where a plaintiff is required to prepay a filing fee in circuit court when he files an action. If he wins he recovers his filing fee as part of the court costs.

Wherefore, the writ is denied.