**Lyndon FRANCIS, Appellant/Cross–Appellee,**

v.

**CROUNSE CORPORATION, Appellee/Cross–Appellant.**

Nos. 2001–CA–000169–MR, 2001–CA–000220–MR.

Court of Appeals of Kentucky.

March 8, 2002.

Discretionary Review Denied March 12, 2003.

John R. Tarter, Henderson, KY, for appellant/cross-appellee.

Mark Whitlow, Paducah, KY, for appellee/cross-appellant.

Before GUDGEL, Chief Judge;
BARBER, and BUCKINGHAM, Judges.

### OPINION

BUCKINGHAM, Judge.

Lyndon Francis appeals and Crounse Corporation cross-appeals from orders of the McCracken Circuit Court following a jury trial on Francis's claims for violations of the Kentucky Civil Rights Act as set forth in KRS[1] Chapter 344. Because we conclude that the orders appealed from were not final and appealable, we dismiss the appeal and cross-appeal.

 This court has jurisdiction over appeals from final judgments or orders of circuit courts. KRS 22A.020(1). "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR[2] 54.01. "This court on its own motion will raise the issue of want of jurisdiction if the order appealed from lacks finality." *Huff v. Wood Mosaic Corp.*, Ky., 454 S.W.2d 705, 706 (1970). In fact, we are required to do so. *Central Adjustment Bureau, Inc. v. Ingram Associates, Inc.*, Ky.App., 622 S.W.2d 681, 683 (1981), *citing Hook v. Hook*, Ky., 563 S.W.2d 716 (1978). Although the parties in this case have not raised the issue, we raise it on our own because we believe the orders lack finality.

On his civil rights claim, the jury awarded Francis $31,646.45 as compensatory damages against his employer, Crounse. The jury also awarded Francis punitive damages against Crounse in the amount of $175,000.[3] On October 25, 2000, the trial court entered a Trial Order and Verdict setting forth a judgment in favor of Francis in the total amount of $206,646.45. The court also recognized that Francis was entitled to recover a reasonable fee for his attorney. *See* KRS 344.450. The order stated that "[a]ttorney fees are to be submitted to the Court within ten days of the entry of this Judgement, on Motion, and said Order on attorney fees shall become part of this Judgement as though set forth herein in full."

On October 30, 2000, Francis filed a motion for an order approving his attorney fees in the amount of $49,893.10. On the following day, October 31, 2000, Crounse filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. On January 16, 2001, the trial court entered an order granting in part and denying in part Crounse's motion for a judgment notwithstanding the verdict and conditionally granting Crounse's motion for a new trial. Therein, the court upheld the jury's verdict and award of compensatory damages on Francis's failure to promote claim and constructive discharge claim. However, the court granted Crounse's motion for a judgment notwithstanding the verdict on the punitive damages award. Further, the court granted Crounse's motion for a conditional order for a new trial "on the ground that, if this Court's decision is reversed the Defendant is entitled to a new trial on whether the damages were excessive."

On January 23, 2001, Francis filed a notice of appeal from the order granting Crounse's motion for a judgment notwithstanding the verdict. On January 31,

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Civil Procedure.

3. Francis was employed by Crounse, a barge company, as a deck hand. He claimed civil rights violations in connection with being passed over for a promotion and being constructively discharged from his employment.

2001, Crounse filed a notice of cross-appeal from the portion of the trial order and judgment rendered October 25, 2000, which awarded compensatory damages to Francis and from the portion of the order of January 16, 2001, which upheld that award. Thereafter, on February 7, 2001, the trial court entered an order awarding Francis's attorney fees in the amount of $27,141.00 and costs in the amount of $2,676.75. No appeal was taken from that order.

■■■■ The issue before this court is whether the orders appealed from were final and appealable judgments or orders in light of the fact that the issue of attorney fees had been reserved for ruling. CR 54 .02 provides the manner in which a judgment or order that is otherwise not final may be made final and appealable. That rule provides in pertinent part:

(1) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

CR 54.02(1). In the case *sub judice*, the trial court included finality language in both the judgment entered on October 25, 2000, and the order entered on January 16, 2001. However, attempted compliance with CR 54.02(1) will not necessarily make an otherwise interlocutory judgment final and appealable. As the court stated in *Hale v. Deaton*, Ky., 528 S.W.2d 719 (1975),

Before the processes of CR 54.02 may be invoked for the purpose of making an otherwise interlocutory judgment final and appealable, there must be a final adjudication upon one or more of the claims in litigation. The judgment must conclusively determine the rights of the parties in regard to that particular phase of the proceeding.

*Id.* at 722. *See also City of Covington v. Peare*, Ky.App., 769 S.W.2d 761 (1989), where the trial court dismissed the appeal as being from a nonfinal order even though the trial court recited that the judgment was final and that there was no just reason for delay in its entry. *Id.* at 764.

Therefore, the specific issue for our consideration is whether the judgment could be made a final and appealable one under CR 54.02(1) when it did not dispose of the portion of Francis's claim relating to attorney fees. KRS 344.450 provides in pertinent part that "[t]he court's order or judgment shall include a reasonable fee for the plaintiff's attorney of record and any other remedies contained in this chapter." The order in this case did not contain such an award as required by the statute but merely stated that an order would be entered on the issue of attorney fees and that such order "shall become a part of this Judgement as though set forth in full herein." [4]

4. That language did not result in the order becoming final as to attorney fees. *See Elk-*

A similar issue was addressed in *Webster County Soil Conservation Dist. v. Shelton*, Ky., 437 S.W.2d 934 (1969). In that case, the trial court entered an order adjudging that the plaintiffs were entitled to the assets of a soil conservation district upon its dissolution and ordering the proceeds returned to the plaintiffs in proportion to the respective amounts paid in by them. *Id.* at 935–36. The judgment also stated that all other matters, " 'including plaintiffs' attorney fee,' were 'continued and reserved for the court's further consideration.' " *Id.* at 936. Following the entry of that judgment, the defendants appealed. Thereafter, the court entered a supplemental judgment awarding the plaintiffs' attorney a fee for his legal services. The attorney then appealed that order on the ground that the awarded fee was less than that called for in the contingent fee agreement he had with the plaintiffs.

The plaintiffs in *Shelton* then moved the appellate court to dismiss the defendants' appeal from the initial judgment on the ground that it was not a final judgment but was interlocutory since the judgment reserved the question of attorney fees. *Id.* at 936. The court framed the issue as "whether this case is a 'multiple claims' action within the meaning of CR 54.02." *Id.* The court first held that the circuit court cannot "reserve" a question that was not before it. *Id.* The court noted that the plaintiffs' attorney did not become a party to the litigation until after the initial judgment had been entered. *Id.* at 937. Thus, the court denied the plaintiffs' motion to dismiss the defendants' initial appeal on the ground that the case was not a "multiple claims" action within the meaning of CR 54.02. *Id.*

The facts in the case *sub judice* are distinguishable from the facts in *Shelton*. In *Shelton*, the attorney fees claim did not arise until after the initial judgment and the defendants' appeal therefrom. *Id.* at 937. In this case, however, Francis's claim for attorney fees was a part of his KRS Chapter 344 claim as set forth in his complaint. Furthermore, KRS 344.450 required the final judgment to include a reasonable fee for Francis's attorney.

Another case similar to this one is *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). In that case, the plaintiff brought an action in the Colorado state court to recover employment compensation allegedly due. 486 U.S. at 197. The defendant removed the case to federal court on the basis of diversity of citizenship. A trial was held, and the jury returned a verdict in the plaintiff's favor in the amount of $5,000, an amount considerably less than had been sought.

Following the entry of a judgment, the plaintiff filed a motion for a new trial and a motion for attorney fees. Colorado law provided that in a suit to collect compensation due from employment, the judgment shall include a reasonable attorney fee to be taxed as part of the costs. *Id.* The U.S. District Court denied the motion for a new trial, found that the plaintiff was entitled to attorney fees, and requested further briefing before determining the amount.

horn *Land & Improvements Co. v. Ratliffe*, 181 Ky. 603, 205 S.W. 687 (1918), wherein the court held that "a judgment, to be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose without further action by the court or by process for contempt." 181 Ky. at 606, 205 S.W. 687. Also, *see Pennsylvania v. Flaherty*, 983 F.2d 1267 (3rd Cir.1993), wherein the court noted that it had held that an award of attorney fees in an undetermined amount was not a final judgment or order. *Id.* at 1276–77.

Following the entry of a final order concerning the attorney fees, the plaintiff filed a notice of appeal. The defendant moved to dismiss the appeal on the ground that the notice of appeal should have been filed within thirty days of the order denying the motion for a new trial rather than following the order concerning the attorney fees. The U.S. Court of Appeals for the Tenth Circuit granted the motion to dismiss the appeal as it related to the initial order but affirmed the award of the attorney fees in the second order. The U.S. Supreme Court granted *certiorari. Id.* at 198.

First, the Supreme Court stated that under 28 U.S.C.S. § 1291, "all final decisions of the district courts" are appealable to the federal courts of appeals. *Id.* at 198–99. The Court then framed the issue as "whether a decision on the merits is a 'final decision' as a matter of federal law under § 1291 when the recoverability or the amount of attorney's fees for the litigation remains to be determined." *Id.* at 199. The Court held that in the interest of "preservation of operational consistency and predictability and the overall application of § 1291," there should be "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Id.* at 202. The Court further held:

> We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fee provision to be clearly established before the time

to appeal can be clearly known. Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a "final decision" for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case. *Id.* at 202–03. In short, the Court held that for purposes of § 1291, there should be a bright-line rule that a judgment on the merits may be final although there is an unresolved issue of attorney fees. *Id.*

We decline to adopt such a "bright-line rule." We conclude that the determination of whether the judgment is final when the amount of the attorney fees has not been resolved should rest on whether attorney fees were part of the claim or whether they were collateral to the merits of the action as was the case in *Shelton.* If attorney fees were part of Francis's civil rights violation claim, then the judgment was not final and appealable under CR 54.02(1). *See Hale,* 528 S.W.2d at 722.

In the case *sub judice,* the claim for attorney fees was pursuant to statute and was pled by Francis in his complaint.[5] Further, the statute required that the judgment include a reasonable attorney fee. KRS 344.450. We conclude that Francis's KRS Chapter 344 claim for civil rights violations and for attorney fees constituted only a single claim for purposes of CR 54.01 and CR 54.02. We do not see the attorney fees claim as collateral to the civil rights violation claim.[6]

---

**5.** In fact, in *Boeing Co. v. Van Gemert,* 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980), the U.S. Supreme Court held that where a judgment on the merits was final and appealable apart from the questions of attorney fees, the result might be different in cases where the plaintiff requested attorney fees as part of the prayer in his complaint (such as in this case). 444 U.S. at 479–80, n. 5. The Court in *Boeing* referenced *Liberty Mutual*

*Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), a case where it had held a judgment to be nonfinal when it did not dispose of a claim for attorney fees which had been pled in a complaint alleging civil rights violations. Nevertheless, the Court later adopted the "bright-line rule" in *Budinich,* 486 U.S. at 202–03.

**6.** Awards of attorney fees in successful employment discrimination actions under feder-

Under these circumstances, we conclude that the orders entered by the trial court on October 25, 2000, and January 16, 2001, were interlocutory. They did not become final until the trial court entered its order setting the amount of the attorney fee. *See* CR 54.02(2).

This appeal is dismissed as being from nonfinal orders.

ALL CONCUR.

---

al law are discretionary. 42 U.S.C.S. § 2000e–5(k). As we have noted, however, attorney fees awards for successful employment discrimination claims under Kentucky law are mandatory. KRS 344.450. We cite this as an additional reason for taking a different approach from that of the U.S. Supreme Court.