**Lucila DIAZ, Appellant**

v.

**Thomas BARKER;  and Allstate Insurance Company, Appellees.**

No.  2006–CA–001198–MR.

Court of Appeals of Kentucky.

May 9, 2008.

■■■■■■■■■■■

Mark Joseph Smith, Louisville, KY, for appellant.

Perry Adanick, Louisville, KY, for appellee Thomas Barker.

Wm. Clifton Travis, Louisville, KY, for appellee Allstate Insurance Company.

Before KELLER, TAYLOR, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

Lucila Diaz appeals the Jefferson Circuit Court's award of summary judgment in favor of Thomas Barker and Allstate Insurance Company. Finding no error, we affirm.

In January 2002, Diaz was involved in a motor vehicle collision. In January 2004, Diaz filed the instant action against Barker and Allstate, alleging that Barker caused the accident and that Allstate exercised bad faith in the settlement of the claim. The trial court granted Allstate's motion to bifurcate and hold the bad faith portion of the claim in abeyance pending resolution of the underlying tort claim. On March 17, 2004, Barker filed a motion for summary judgment supported by his own affidavit and that of his daughter, Sherrie, asserting that she was driving the vehicle at the time of the collision. In response, Diaz filed a motion to amend her complaint to add Sherrie Barker as a party defendant. On June 24, 2004, by separate orders, the trial court denied Diaz's motion to amend and granted Barker's motion for summary judgment. The court's order denying Diaz's motion to amend was written and signed by a notation on a draft order previously tendered by Diaz.[1] In granting summary judgment to Barker, the court recited that all claims against Barker were dismissed and that the order was final and appealable. CR[2] 54.02. Diaz did not appeal the June 24, 2004 orders.

Allstate subsequently filed its motion for summary judgment, which the trial court granted by an order entered on October 22, 2004. Diaz timely filed a motion to alter, amend or vacate. In addition, on November 4, Diaz filed a motion for the trial judge to recuse, based on KRS[3] 26A.015(2)(a), alleging that the judge at a November 1 pretrial had impermissibly "expressed an opinion concerning the merits of the ... proceeding" in stating he "would deny all of the Plaintiff's motions, even those motions which the Plaintiff was entitled to make, but had not at that time." The record reflects that on November 8, the trial court denied the motion to recuse, again by a written notation and signature on Diaz's tendered recusal order. This order was entered on November 9.

On November 8, Diaz filed a second motion to recuse on the same basis as the first motion to recuse, with the additional grounds that the trial judge had refused to grant a hearing on the first motion to recuse or to hear arguments on Diaz's motion to alter, amend or vacate. Diaz also appended an affidavit of counsel to this motion. In addition, Diaz filed a motion seeking to hold the case in abeyance pending further orders of the court.

---

1. Under the distinctive rules of the Jefferson Circuit Court, "[a] draft of the proposed judgment or order shall be filed along with a motion for its entry." Jefferson Circuit Court Rules of Practice 1405.

2. Kentucky Rules of Civil Procedure.

3. Kentucky Revised Statutes.

On November 9, the trial court entered the following order:

This matter came before the Court on November 1, 2004, for a status conference. The Court noted that by order entered June 18, 2004, it had dismissed Plaintiff's claim against Thomas Barker, Jr., [4] and by order entered October 22, 2004, it had dismissed claims of Plaintiffs against Defendant Allstate Insurance Co. These being all the Defendants named in the complaint it appeared this case was closed.

Plaintiffs' counsel claimed the Court had not ruled on his motion to amend the Complaint, but the record indicates the Court denied the motion by order entered June 24, 2004.

Thus, it appears Plaintiff's complaints are dismissed in full, and the dismissal is a final and appealable order.

Nothing further appears in the record until the trial court's January 30, 2006 Notice to Dismiss for Lack of Prosecution under CR 77.02(2), which was noticed to be heard on March 27, 2006. The record does not reflect whether anyone appeared at the hearing of the motion docket, but the trial court signed an Order Dismissing for Lack of Prosecution on March 27, 2006.[5] In response, Diaz filed both another motion to hold the case in abeyance based on her earlier motion for the trial judge to recuse, and a motion to alter, amend or vacate the March 27, 2006 order of dismissal. On May 9, 2006, the trial court denied both motions. This appeal follows.

■ Diaz first argues that the trial court erred in granting summary judgment, as "there is a factual controversy as to the identity of the driver of Defendant Thomas Barker's vehicle when it rear end-ed the Plaintiff's vehicle[,]" and Diaz had an insufficient opportunity to complete discovery including deposing the defendants. This argument, however, is untimely.

■ Beyond any question, a "notice of appeal shall be filed within 30 days after the date of notation of service of the judgment[.]" CR 73.02(1)(a). The filing of the notice of appeal within the time limit of this rule is "mandatory and jurisdictional." *Burchell v. Burchell,* 684 S.W.2d 296, 299 (Ky.App.1984). The arguments advanced by Diaz as to the identity of the driver of the Barker vehicle and her opportunity to conduct discovery on that issue are precluded by her failure to appeal timely the trial court's June 24, 2004 order granting Barker's motion for summary judgment.

■ In an attempt to avoid the effect of the finality rule, Diaz argues that she had the option to wait to appeal until the resolution of her claims against all parties, and that policy disfavors piecemeal appeals. Unfortunately, this argument ignores the provisions of CR 54.02. In an action involving more than one claim, or in an action involving multiple parties, "the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay." While a recitation of finality does not necessarily make an order or judgment appealable, a final adjudication upon one or more of the claims in litigation is in fact appealable. *Francis v. Crounse Corp.,* 98 S.W.3d 62, 65 (Ky.App.2002). As noted by this court in *Francis,* "[t]he judgment must conclusively determine the rights of the parties in regard to that particular phase of the proceeding." *Id.* In this case, the June 24, 2004 orders conclusively determined the

---

**4.** The record reveals that while the trial judge signed the order of dismissal on June 18, it was not entered until June 24.

**5.** The record does not indicate the entry date of this Order.

rights of Diaz and Barker as to each other, leaving nothing else to be resolved between them. As such, the orders were appealable at that time, and Diaz's failure to do so is fatal to any present consideration of any claim she may have had against Barker.

■ Diaz's second argument is that the trial judge lacked jurisdiction over the case once Diaz filed a motion, affidavit and memorandum to disqualify the judge pursuant to KRS 26A.015(2), citing *Jackson v. Commonwealth*, 806 S.W.2d 643 (Ky.1991). KRS 26A.020(1) separately provides that if a party "files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, ... the circuit clerk shall at once certify the facts to the Chief Justice who shall immediately review the facts and determine whether to designate a ... special judge." Hence, two alternative remedies exist: a motion filed, as here, with the trial judge seeking recusal based on KRS 26A.015, or an affidavit filed under KRS 26A.020(1) seeking relief from the Chief Justice. *Nichols v. Commonwealth*, 839 S.W.2d 263, 265 (Ky.1992). "[A]n aggrieved party can do either or both." *Id.*

We agree with Diaz that under the recusal remedy set out in KRS 26A.020(1), the trial judge is not to make the recusal determination and the case is to be held in abeyance pending the Chief Justice's determination. *Jackson*, 806 S.W.2d at 645. The record is clear, however, that Diaz sought relief from the trial court under KRS 26A.015. Twice, Diaz filed motions requesting the trial judge to recuse himself. The second motion, which was supported by Diaz's counsel's affidavit, was directed to and requested Judge Conliffe "to disqualify himself from this action." The pleading was noticed to be heard by the Jefferson Circuit Court, with the requisite order tendered for signature by the court. Although the affidavit obviously was a part of a recusal pleading filed with the Jefferson Circuit Clerk, Diaz did not avail herself of the separate procedure afforded by KRS 26A.020(1). On the face of the record, therefore, the trial judge was under no obligation to step aside. Further, we note that no videotapes of the Jefferson Circuit Court proceedings were made a part of the record on appeal. We are therefore unable to assess whether the trial judge made improper comments on the merits of Diaz's case or whether, as Allstate suggests, the judge was merely trying to explain the consequences of Diaz's failure to appeal the June 24, 2004 order. Clearly, a silent record is presumed to support the decision of the trial court. *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky.1985).

The Jefferson Circuit Court's judgment is affirmed.

ALL CONCUR.