Darlene **HARRIS**, Appellant,

v.

**CAMP TAYLOR FIRE PROTECTION DISTRICT**, Appellee.

No. 2008–CA–000460–MR.

Court of Appeals of Kentucky.

June 12, 2009.

Discretionary Review Denied by Supreme Court March 10, 2010.

Michael R. Slaughter, Louisville, KY, for appellant.

David P. Bowles, Louisville, KY, for appellee.

Before NICKELL and VANMETER, Judges; GRAVES,[1] Senior Judge.

*OPINION*

VANMETER, Judge.

A complainant in a whistleblower action under KRS 61.102, *et seq.,* may recover attorney's fees and witness fees in the trial court's discretion. The issue in this appeal is whether the trial court retained jurisdiction to award attorney's fees and costs on

---

1. Senior Judge J. William Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

a motion filed more than thirty days after entry of a final judgment. We hold that the trial court did not retain jurisdiction to award costs or attorney's fees under KRS 61.990(4). The order of the Jefferson Circuit Court is affirmed.

The facts giving rise to this appeal were succinctly stated by the trial court:

> On September 17, 2004 [Darlene] Harris filed her Complaint [against Camp Taylor Fire Protection District (Camp Taylor)], alleging that she was subjected to reprisals in violation of [KRS] 61.102(1) and (2) after providing documents and testimony to the Kentucky Fire Marshall. These issues were tried by jury and a verdict was reached on October 26, 2007. A Judgment reflecting the jury's verdict in favor of Harris was tendered by her counsel on October 30, 2007 and entered by the Court on November 8, 2007. That Judgment stated that, "the Jury awarded to the Plaintiff the sum of $3,000.00 for lost pension benefits which were not paid and were excluded by the Defendant. The Jury did not award any sums for lost pay and after careful consideration failed to find that the Defendant acted maliciously, willfully, or with a wanton disregard for the rights of the Plaintiff, and thus awarded no sums for punitive damages to the Plaintiff." That Judgment was specifically designated "final and appealable." Thereafter, on December 14, 2007, Harris filed a motion for attorney's fees and costs totaling $25,313.47.

Camp Taylor objected to any award of attorney's fees, arguing that the trial court had lost jurisdiction to make such an award. The trial court agreed with Camp Taylor, holding that since the November 8, 2007, judgment was final and appealable, without reservation of any issue, Harris' motion for attorney's fees was untimely when it was filed on December 14. The trial court denied Harris' motion. This appeal follows.

On appeal, Harris argues that the trial court retained jurisdiction to award costs under KRS 453.040 and CR [2] 54.04 since neither provision contains a time limit. We disagree.

KRS 453.040(1)(a) simply provides, in pertinent part, that "[t]he successful party in any action shall recover his costs, unless otherwise provided by law." Similarly, under CR 54.04(1), "[c]osts shall be allowed as of course to the prevailing party . . .; but costs against the Commonwealth, its officers and agencies shall be imposed only to the extent permitted by law." For routine costs, as delineated by CR 54.04(2),[3] the rule requires only that the prevailing party "prepare and serve upon the party liable . . . a bill itemizing the costs incurred[.]" Unless exceptions are made by the losing party within five days, the clerk, rather than the judge, endorses on the judgment the amount of costs recoverable. *Id.* The trial court's involvement thus is triggered only by an exception by the losing party. *Id.* Notably, attorney's fees and witness fees are not included in the list of costs "ordinarily recoverable by the successful party." *Id.;* see *Dulworth & Burress Tobacco Warehouse Co. v. Burress,* 369 S.W.2d 129, 133 (Ky.1963) (holding "in the absence of a statute or contract expressly providing therefor, attorneys' fees are not allowable

---

2. Kentucky Rules of Civil Procedure.

3. The costs set out in CR 54.04(2) are "filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions . . ., fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party."

as costs"); *Brookshire v. Lavigne,* 713 S.W.2d 481, 481 (Ky.App.1986) (holding that witness fees are not recoverable as costs absent statutory authorization).

▮ Two important points must be observed. First, except as permitted by law, CR 54.04(1), by its terms, excludes the payment of costs which are sought to be imposed on the Commonwealth or its agencies. Since, by definition, Harris' action under Kentucky's Whistleblower Act, KRS 61.101, *et seq.,* is against an agency of the Commonwealth, the payment of costs is prohibited unless specifically permitted by law. *See* KRS 61.101(2) (defining "employer" as including "the Commonwealth of Kentucky or any of its political subdivisions").

▮ Second, KRS 61.990(4) is an exception to CR 54.04(1), as it permits "costs of litigation" to be imposed on the Commonwealth or its agencies. However, the manner of imposition and the items included are in contrast to the relatively straightforward procedure set out in CR 54.04(2), as KRS 61.990(4) provides:

> **A court, in rendering a judgment in an action filed under KRS 61.102 and 61.103,** shall order, as it considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, exemplary or punitive damages, or any combination thereof. A **court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees.**

(Emphasis added.) Thus, the statute differs from the customary rule which excludes attorney's fees and witness fees and also clearly contemplates the trial court's involvement in awarding "the complainant all or a portion of the costs of litigation" as a part of the judgment. Stated another way, although an award of the "costs of litigation" is discretionary with the trial court, KRS 61.990(4) requires any such award to be included in the final judgment.

▮ In this case, the November 8, 2007, judgment, which Harris prepared and tendered to the trial court, makes no mention of attorney's fees or costs and contains the finality language contemplated by CR 54.02. Harris neither filed a CR 59.05 motion to alter, amend or vacate, nor appealed the judgment within 30 days as required by CR 73.02.

▮ As a general principle, a judgment becomes final ten days after its entry by the trial court. *See* CR 52.02, 59.04, 59.05. And, "a court loses jurisdiction once its judgment is final." *Mullins v. Hess,* 131 S.W.3d 769, 774 (Ky.App.2004). CR 54.01 defines a final judgment as follows:

> A judgment is a written order of a court adjudicating a claim or claims in an action or proceeding. A final or appealable judgment is a final order *adjudicating all the rights of all the parties* in an action or proceeding, or a judgment made final under Rule 54.02. Where the context requires, the term "judgment" as used in these rules shall be construed "final judgment" or "final order."

(Emphasis added). However, "if an order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final." *Hubbard v. Hubbard,* 303 Ky. 411, 412, 197 S.W.2d 923, 924 (1946).

As noted, the November 8, 2007 judgment on its face left nothing to be done. Harris, as the prevailing party at trial, largely controlled the judgment's timing, drafting and tendering to the court. A simple matter, certainly, would have been to include language in the judgment reserving the determination of attorney's fees and costs. *See, e.g., Francis v. Crounse Corp.,* 98 S.W.3d 62, 64 (Ky.App.

2002) (judgment was not final and appealable when it provided " '[a]ttorney fees are to be submitted to the Court within ten days of the entry of this Judgement [sic], on Motion, and said Order on attorney fees shall become part of this Judgement [sic] as though set forth herein in full.' ").[4] Another viable option would have been to submit an affidavit of attorney's fees and costs with the tendered judgment, including in the judgment an appropriate sentence awarding the costs of litigation with a blank line for the trial court's entry of the total amount. Harris did neither.

Our view is that the language of KRS 61.990(4) contemplates a discretionary award of the "costs of litigation" to the complainant as a part of the trial court's judgment. None of the cases cited by Harris compels a different result,[5] as KRS 61.990(4) is distinguishable from such authorities as a statutorily authorized deviation from the customary rule whereby the losing party pays.

In light of our decision, we deem it unnecessary to address Camp Taylor's arguments as to Harris' failure to name her counsel as a party to this appeal. By separate order, we deny Camp Taylor's motion to dismiss Harris' appeal. While Harris failed to appeal the trial court's November 8, 2007, judgment, she timely appealed the trial court's order that it lacked jurisdiction to award attorney's fees.

As Harris failed to file a motion to alter, amend or vacate the November 8, 2007, judgment within ten days from entry of that judgment, the trial court properly determined that it lacked jurisdiction to award attorney's fees. Thus, the Jefferson Circuit Court's order is affirmed.

ALL CONCUR.

4. In *Francis*, the claim for attorney's fees was mandated by KRS 344.450. By contrast, the claim for attorney fees in the instant case arises under KRS 61.990(4). As noted, an award for attorney fees is discretionary, rather than mandatory.

5. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), involved a post-judgment motion for attorney fees filed under 42 U.S.C. § 1988. Under this federal statute, the trial court may award attorney fees to the "prevailing party." *Radol v. Thomas*, 113 F.R.D. 172 (S.D.Ohio 1986), involved an allowance of costs under FRCP 54(d) filed after an appeal. *Dawson v. Birenbaum*, 968 S.W.2d 663 (Ky. 1998), like *White*, involved a post-judgment motion for attorney fees in a state court action as authorized by 42 U.S.C. § 1988. In *Jones v. Meigs*, 383 S.W.2d 324 (Ky.1964), Jones had been a litigant in a proceeding before the Department of Motor Transportation which subsequently was decided adversely to him by the Kentucky Court of Appeals. The issue was whether the cost of transcribing the evidence before the Department was to be prorated among the parties according to regulation, or assessed to the losing party according to statute, specifically, KRS 281.780(3), KRS 453.040(1)(a), and CR 54.04. The court in *Jones* held that these latter authorities controlled, and Jones as the loser was to pay. 383 S.W.2d at 325. Harris cites *Allen v. Chesapeake & Ohio R. Co.*, 304 Ky. 846, 202 S.W.2d 157 (1947), for the proposition that costs were awarded 19 years after judgment. The headnotes to the opinion do appear to support that statement. A careful reading of the opinion, however, discloses that the action was filed in 1924, and due to inattention by the parties and counsel, no judgment was entered until 1945. That judgment by its terms held that the railway was entitled to nominal damages and its costs. The claim of laches attached to the prosecution of the case and the subsequent award of costs in the judgment, not to a delay in enforcing a claim of costs. *Cummins v. Cox*, 763 S.W.2d 135 (Ky.App.1988), involved the interplay between KRS 453.040 and KRS 453.190, which provides generally that indigent persons may have access to the courts without paying costs.