RENDERED: MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0837-MR

MIKAYLA RATCLIFF                                APPELLANT

v.             APPEAL FROM MEADE CIRCUIT COURT
               HONORABLE BRUCE T. BUTLER, JUDGE
               ACTION NO. 22-CI-00040

KEVIN WETHINGTON AND
CHRISTINE M. WETHINGTON                          APPELLEES

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND ECKERLE, JUDGES.

CETRULO, JUDGE: Appellant Mikayla Ratcliff ("Ratcliff") appeals the rulings of the Meade Circuit Court that resulted in the award of temporary custody of her biological child R.R.C. ("minor child") to Appellees Kevin Wethington and Christine Wethington ("the Wethingtons") as *de facto* custodians. Because we conclude that the orders appealed from were not final and appealable, we dismiss the appeal.

The minor child in this case was born on June 16, 2019 to Ratcliff and Brandon Cordle ("Cordle").[1]  They were never married, but for the first six months of minor child's life, resided at the home of Cordle's mother, Christine Wethington and stepfather, Kevin Wethington.  After six months, the Wethingtons asked both parents to move out.  Minor child was then with Ratcliff for approximately one year in Michigan.  In March 2021, Ratcliff contacted the Wethingtons and asked them to take the minor child.  She was reportedly upset, suicidal, and struggling.  Believing it to be in the best interest of her daughter, Ratcliff consented to a limited guardianship by Christine.  A few months later, she sought to terminate the limited guardianship in district court.  That case is not part of the record on appeal, but it is argued that the district court did terminate the limited guardianship in May 2022.

In the meantime, the Wethingtons filed a petition for *de facto* custody of minor child in the Meade Circuit Court.  Ratcliff responded to that petition, and hearings were conducted over three days in June and July 2022.  The hearings were held before a domestic relations commissioner ("DRC") who entered an order declaring the Wethingtons to be *de facto* custodians on July 28, 2022.  Ratcliff filed exceptions to the DRC order.  The circuit court overruled those exceptions

---

[1] Cordle is the son of Christine Wethington, one of the appellees herein.  He has never objected to the custody of R.C.C. remaining with his mother and stepfather and has not participated in these proceedings.

and adopted the order of the DRC in its entirety. Subsequent motions were filed by Ratcliff to reconsider and to alter, amend, or vacate the judgment. Those were also denied, and this appeal followed.

At the outset, we note that Ratcliff filed this notice of appeal from the order denying her motion to alter, amend, or vacate under Kentucky Rule of Civil Procedure ("CR") 59. "Our case law is clear, however, that there is no appeal from the *denial* of a CR 59.05 motion. The denial does not alter the judgment. Accordingly, the appeal is from the underlying judgment, not the denial of the CR 59.05 motion." *Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019). When a trial court *denies* a CR 59.05 motion, as it did here, and a party erroneously designates that order in the notice of appeal, we utilize a substantial compliance analysis and consider the appeal properly taken from the final judgment that was the subject of the CR 59.05 motion. *Id.* (citations omitted).

Here, however, there was no final judgment. The circuit court order, adopting the findings and conclusions of the DRC as its own, was a temporary order, and thus is not properly before this Court on appeal. "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. "This court on its own motion will raise the issue of want of jurisdiction if the order appealed from lacks finality." *Huff v. Wood-Mosaic Corp.*, 454 S.W.2d 705, 706 (Ky.

1970). In fact, we are required to do so. *Francis v. Crounse Corp.*, 98 S.W.3d 62, 64 (Ky. App. 2002).

Admittedly, determining finality in custody actions is often difficult. The needs of the family and the best interests of the child are ever changing. In this case, the action was brought by the Wethingtons to determine *de facto* custodianship status. The court did find that they met the requirements to be considered *de facto* custodians, and that order could have been made final pursuant to CR 54.02, but only as to the ruling on the *de facto* custodianship issue. There was some limited reference to this failure in the post-ruling pleadings, but the circuit court did not address the finality issue in its order denying CR 59.05 relief. In fact, the underlying order or judgment goes on to clearly state that the circuit court was only awarding *temporary* emergency custody of minor child to the Wethingtons.

A temporary custody order, no matter when entered, is not appealable because said orders are inherently interlocutory. Here, neither the circuit court's order confirming and adopting the DRC report in its entirety, nor the DRC's order itself contained the required CR 54.02 recitations. It is clear on its face that only temporary emergency custody was awarded, and the record reflects ongoing proceedings in the trial court. Thus, we must dismiss this appeal *sua sponte* because the appeal is from an interlocutory order and because we lack jurisdiction

over appeals from interlocutory orders. *See Peters v. Board of Ed. of Hardin Cnty.*, 378 S.W.2d 638, 639-40 (Ky. 1964) (dismissing appeal *sua sponte* as an appellate court may properly raise issues about jurisdiction itself and would lack authority to decide an appeal from an order which "failed to contain the recitals required by CR 54.02 so as to invest this Court with jurisdiction over the appeal").

For the foregoing reasons, the appeal is dismissed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Alan W. Roles
Louisville, Kentucky

BRIEF FOR APPELLEES:

Caleb T. Bland
Elizabethtown, Kentucky